ANNIE FUHRY, Appellee, *vs.* THE CHICAGO CITY RAILWAY
COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. EVIDENCE—*when an objection goes merely to weight of testimony.* Where a witness in a street car collision case testifies as to the rate of speed the rear car was running, an objection to such testimony on the ground that he did not see the car until about an instant before the collision goes only to the credibility of his testimony and not to its competency, and is properly overruled.

2. SAME—*making of statements inconsistent with testimony is not ground for excluding testimony.* The fact that a witness has made former statements inconsistent with those made by him upon the trial affects the credibility of his testimony and not its competency, and is not ground for excluding such testimony.

3. SAME—*when incompetent testimony of the physician will not reverse.* The fact that the physician who attended the plaintiff from the time of her injury until the time of the trial, included, in the description of his tests, incompetent testimony as to pressure of the hands and the like, does not require a reversal of the case, where most of his testimony was based upon objective symptoms and the incompetent testimony was merely corroborative of the facts shown by the competent evidence.

4. SAME—*expert may state that accident did produce plaintiff's condition.* Where the fact that the plaintiff received injuries in a street car collision is not denied and her attending physician has described such injuries and her subsequent physical condition, it is not improper for him to be allowed to give his opinion, as an expert, that her physical condition might have resulted, or did result, from the injuries received in the collision, since, in either event, the truth of the matter is for the jury to determine.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JOHN E. KEHOE, and WATSON J. FERRY, (JOHN R. HARRINGTON, of counsel,) for appellant.

JOHN S. HUMMER, and CHARLES A. McDONALD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee recovered a judgment for $2500 against the appellant for injuries received as the result of a collision between two cars on appellant's street railway. The Appellate Court affirmed the judgment and this appeal followed.

The argument for the appellant is directed against the rulings of the trial court in the admission of evidence.

Appellee's injuries were received while she was a passenger in a car which was run into from behind by another car. The conductor on the front car testified that the second car was running about ten miles an hour. The appellant objected to his testimony on the ground that he only saw the car the instant it struck. What he said was, that he saw the car about one instant before it struck,—that he happened to turn around and it was almost on top of him. The objection went to the weight of the testimony and not to its competency, and was properly overruled.

On cross-examination the conductor was questioned in regard to his testimony given in the case of Mrs. Flynn against the appellant,— another case arising out of the same collision. He admitted giving testimony which counsel for appellant claimed showed that he did not then have any judgment as to the rate of speed and was inconsistent with his testimony on this trial. Thereupon counsel moved to strike out all the witness' testimony in regard to the speed of the car. This motion was properly overruled. The former statements of the witness, if inconsistent with those made on the trial, tended to impeach the credibility but did not affect the competency of his testimony.

Dr. McDonald was called to treat appellee on the day of her injury and immediately after it occurred. He visited her about one hundred times and he continued as her physician up to the time of the trial, nearly four years after the accident. During the year just prior to the trial he had seen her about twenty times. He testified that he made an

examination of her a short time before the trial and found that the right arm was of a lower temperature than the left; that it was cold, compared with the left; that he tested the strength of each hand by having her squeeze his hands with each of hers, and found that she squeezed the hand held in her left hand much harder than the one held in her right; that he tested the sensation of her arms by sticking a pin into her right arm so deep that it bled and that she gave no sign of sensation but the left arm responded promptly to the pin prick; that he took a tongue depressor and examined her larynx; that he touched the back part of her throat and she did not flinch or show the tendency to gag which is usual with all patients under such circumstances; that he found anæsthesia or numbness of the back of the throat, which is found in those hysterical conditions; that he found the reflexes slightly exaggerated; that appellee was hard of hearing; that she had traumatic hysteria,—a nervous condition produced by physical injury,—and that the prospects of recovery were very unfavorable. Appellant objected to all of this evidence as it was offered, and moved to exclude it on the ground that it was based on subjective symptoms and self-serving demonstrations, and that the examination was not made in the course of or with a view to medical treatment, but solely for the purpose of qualifying the witness to testify as to the appellee's then present condition.

A physician who has not treated the injured person but has made an examination to enable him to testify on a trial as to his condition, must base his opinion on objective and not subjective conditions. He cannot relate nor take into consideration the self-serving statements of the injured person made to him, not with reference to his treatment, but with reference to his trial. (*West Chicago Street Railroad Co.* v. *Carr,* 170 Ill. 478; *Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 id. 192; *Greinke* v. *Chicago City Railway Co.* 234 id. 564.) A large part of the testi-

mony of Dr. McDonald dealt with actual conditions which came under his observation in the course of treatment. He testified to the injuries of the plaintiff and her condition immediately after the accident and continually until his examination of her just before the trial. The testimony as to the pressure of the hands, and other testimony of like character, was incompetent, but it was only cumulative evidence of facts shown by other competent evidence. We do not regard the errors in the admission of the evidence of Dr. McDonald in reference to his examination of the appellee of sufficient importance to justify a reversal of the judgment. *Greinke* v. *Chicago City Railway Co. supra; Casey* v. *Chicago City Railway Co.* 237 Ill. 140.

The following question was asked Dr. McDonald: "To what do you attribute the condition of nervous hysteria that this woman is suffering from, in view of your treatment and what you have learned of her case? To what physical condition do you attribute it?" He answered, over objection, as follows: "Due to the injury that she received in her head and the concussion and nervous shock at that time." It is insisted that while it was competent for the witness to have expressed the opinion that the collision in question might or could have produced the condition he found, it was not competent for him to state that it did do so, the determination of that question being the province of the jury. The question was put to the witness as an expert. It is admitted that appellee had received injuries in the collision. The witness had described them. He knew and had described her subsequent physical condition. The question did not relate to the cause of her injuries. It concerned the relation between her injuries and her subsequent condition. Its object was to obtain the witness' opinion as to whether the condition could, would or did result from the injuries. The question whether it did so result was for the jury to determine, but, being one not within the knowledge of men of ordinary experience, the opinions

of physicians having knowledge of that subject were proper to be considered and did not invade the province of the jury. It is immaterial whether the witness testified that the injury might or could cause the condition or that it did cause it. In any event the testimony was merely the opinion of the witness based upon the facts he had testified to. It was still for the jury to determine the truth in regard to those assumed facts, as well as any others which might tend to confirm or modify their reliance upon the opinion given. *City of Chicago* v. *Didier,* 227 Ill. 571; *Chicago Union Traction Co.* v. *Roberts,* 229 id. 481.

The judgment is affirmed.           *Judgment affirmed.*