E. H. HIMMELWRIGHT, *Appellant*, v. HATTIE M. BAKER, *Appellee*.

No. 16,437.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Opinion Testimony—Speed of an Automobile.* A person injured upon a street crossing by an automobile, who sees it approaching him at a distance of ten or fifteen feet and who has frequently observed the passage of automobiles and other vehicles, and ridden in them, and made observations of their rate of speed, may give his opinion of the speed of the car at the time of the collision.

2. —— *Error Rendered Immaterial by Special Findings.* In view of the explicit findings of the jury that the plaintiff failed to exercise due care for his own safety and that the defendant was not negligent, and all the circumstances proven, it is *held*, that the error in excluding the testimony referred to was not prejudicial.

3. PERSONAL INJURIES—*Contributory Negligence—"Last Clear Chance"—Instructions.* Instructions relating to the doctrine of the "last clear chance" are examined, and the rule stated in *Dyerson v. Railroad Co.*, 74 Kan. 528, is followed and applied.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 11, 1910. Affirmed.

*John W. Adams*, and *George W. Adams*, for the appellant.

*J. A. Brubacher*, and *James A. Conly*, for the appellee.

The opinion of the court was delivered by

BENSON, J.:  This action was for damages caused by a collision with the defendant's electric automobile at a street crossing in Wichita. The plaintiff, Himmelwright, alleged that the automobile was negligently propelled against him, without signal or warning, and at a high and dangerous rate of speed. The defendant was driving her car eastward, approaching the cross-

ing over which the plaintiff was walking southward, when the car struck and injured him. A city ordinance provided a limit upon the speed of automobiles of eight miles an hour, and it was alleged that the defendant was running her car at the rate of fifteen miles per hour, and that she was negligent in failing to control it or give any signal or warning after seeing the plaintiff in a dangerous position. The verdict was for the defendant.

Error is assigned upon the rejection of the plaintiff's testimony concerning the speed of the car at the time of the collision. He testified that the car was ten or fifteen feet from him when he first saw it; that it was running so fast he had no time to do anything, but that he tried to get away from it. He was then asked at what rate of speed it was running, and answered that it was fifteen miles an hour, but the answer was stricken out on the ground that it appeared that he did not have sufficient opportunity to form an opinion on the question of speed. The evidence was competent. An objection to such testimony goes to its weight rather than to its admissibility. (*Railway Co. v. Holloway,* 71 Kan. 1; *Porter v. Buckley,* 147 Fed. 140.)

A bystander, called by the plaintiff, who witnessed the occurrence and who appeared to have an opportunity for estimating the speed of the car, testified that it was fifteen miles per hour, while the defendant testified that it was four miles per hour.

The jury returned special findings, among which were the following: That 100 feet from the point of collision the speed of the automobile was five miles per hour; that it decreased from that point to four miles per hour when it struck the plaintiff; that there was nothing to prevent the plaintiff from seeing it when 200 feet from the point where it struck him; that he did not look for approaching vehicles or observe the automobile until nearly in contact with it, and exercised no care to avoid the collision, but was proceeding

with head bowed forward and cap pulled over his forehead, so as to shut off his vision to some extent; that he was looking to the pavement in front of him; that nothing in his appearance or conduct indicated an intention to cross in front of the automobile, and that if he had used ordinary care the collision would have been avoided. The jury also found that the defendant acted in an emergency—that a boy on a bicycle was in the path of the automobile, in dangerous proximity, about the same moment that the plaintiff came upon the crossing, just before the injury; that the fear of a collision with the bicycle caused the failure of the defendant to avoid the collision with the plaintiff; and that in this emergency she did not do or fail to do anything which a person of ordinary prudence would have done or failed to do in similar circumstances. These and other findings show that the jury found that the defendant was not negligent as charged, but that the plaintiff himself failed to exercise ordinary care for his own safety. In the light of these findings, especially the findings of contributory negligence, and the circumstances shown, we are constrained to say that the error in striking out the plaintiff's estimate of speed is not of sufficient importance to warrant a reversal. His own conduct prevented a recovery unless, after discovering that he was in a perilous situation and was apparently unaware of the impending danger, the defendant failed to do what she reasonably could to avoid injuring him.

It is contended that notwithstanding the findings of the plaintiff's negligence the defendant was still bound to avert the collision after she discovered his peril, if by reasonable efforts she could have done so, and that the jury should have been so instructed. The instructions were voluminous; among others, the following were given:

"When the defendant had time to realize or by the exercise of proper lookout should have realized that the plaintiff was getting into a dangerous position in

front of or near the pathway of her machine, that then she was required to exercise increased exertion to avoid colliding with him; for it is only when the operator of an automobile has had time to realize, or by the exercise of proper care should have realized, that a person whom he or she meets is in a somewhat helpless condition, or in a position of disadvantage, and therefore seemingly unable to avoid the coming automobile, that operator is required to exercise increased exertion to avoid collision.

"If you find from the evidence in this case that the plaintiff was knocked down by the defendant's automobile, or thrown a distance ahead of said automobile and fell upon the street and pavement in a helpless condition, then you are instructed that it would become the duty of the defendant, if by the exercise of ordinary care she saw and knew, or could have seen and known, his perilous and helpless condition, to have used due care and caution and all means within her power to have stopped and slackened the speed of said automobile to avoid further injury to the plaintiff, and if she failed to do so she would be guilty of negligence and liable for all damages thereby sustained by plaintiff, as claimed and set forth in his petition, without reference to the question of contributory negligence."

There was evidence tending to show that the plaintiff was struck a second time, and the last instruction was therefore applicable. It will be noticed, however, that while with respect to the last collision the court said that it was the defendant's duty to use all means in her power to avoid further injury, yet with respect to the first collision it was stated that the defendant, after discovering that the plaintiff was in a dangerous position in front of her machine, was only required "to exercise increased exertion to avoid colliding with him." Thus the court undertook at least to state the doctrine of the "last clear chance," and so far as it applied to the second collision the plaintiff certainly can not complain. As this doctrine was examined and stated in *Dyerson v. Railroad Co.,* 74 Kan. 528, further statement of the rule here is unnecessary.

The language used in the instruction relative to the

first collision is not very explicit, and it was therefore proper for the plaintiff to ask for a definite instruction on the subject. This he essayed to do in the following request:

"The jury are instructed that even if the plaintiff was not exercising ordinary care at the time of the collision, if the defendant saw or could have seen the plaintiff's dangerous position by the use of ordinary care and caution, but negligently failed to take steps to prevent a collision, she would be liable to the plaintiff for whatever damages he may have sustained by reason of such negligence on the part of the defendant."

In the Dyerson case, supra, it was said:

"A plaintiff who has received an injury occasioned by the negligence of the defendant, but who could have avoided it by the exercise of ordinary care on his own part, can not recover damages therefor, although the defendant ought to have discovered (but did not in fact discover) his peril in time to have prevented the accident, where the plaintiff's negligence continued up to the very moment he was hurt, and where the exercise of reasonable diligence before that time would have warned him of his danger and enabled him to escape by his own effort." (Syllabus.)

In the opinion a quotation from page 387 of volume 7 of the American and English Encyclopædia of Law, that "it is only when the negligence of one party is subsequent to that of the other that the rule can be invoked," was approved (74 Kan. 537), but in the instruction requested a situation was supposed of concurrent negligence at the very time of the accident. The plaintiff having failed to request a proper instruction on the subject, and the special findings having exonerated the defendant from any fault, while finding the plaintiff guilty of contributory negligence, the judgment ought not to be reversed because of inaccuracy in the language used in the instructions complained of. Upon the facts found a recovery could not be sustained.

The judgment is affirmed.