# RUMP *v.* WOODS.

## [No. 7,588.   Filed May 8, 1912.]

1. NEGLIGENCE.—*Automobile Accident.—Contributory Negligence.— Trial.—Answers to Interrogatories.*—In an action for injuries incurred in an automobile accident, where answers by the jury to interrogatories showed that plaintiff looked south just before he stepped from his wagon, and did not see defendant's automobile approaching from that direction, that he picked up two bottles of milk and stepped out upon the street while the wagon was still moving, that he did not look to the south a second time before starting across the street and that if he had done so he could have seen the automobile within twenty-five feet of him and could have avoided the injury, but did not show how long it was after he had looked south until he was struck, nor how far he had walked, such answers were not sufficient to overcome the general verdict on the theory that they showed contributory negligence as a matter of law, since evidence was admissible under the issues from which the jury may properly have found that plaintiff was in the exercise of ordinary care.  p. 350.

2. NEGLIGENCE.—*Automobile Accident.—Contributory Negligence.— Question for Jury.*—In an action for injuries to plaintiff by being struck by an automobile while he was attempting to walk across a street, where there was evidence that he used some care, it was for the jury to determine from the facts shown whether he exercised the care that a person of ordinary prudence would have exercised under the circumstances.  p. 351.

3. NEGLIGENCE.—*Use of Streets—Presumption.*—Pedestrians in a street have a right to presume, in the absence of knowledge to the contrary, that all persons using the street are exercising ordinary care to avoid injuring them.  p. 352.

4. NEGLIGENCE.—*Automobile Accident.—Contributory Negligence.— Presumption as to Use of Street.—Consideration by Jury.*—While the wrongful conduct of the defendant in operating his automobile at an excessive rate of speed, by reason of which plaintiff was injured while crossing a street, would not excuse plaintiff

from the exercise of ordinary care, the jury had a right, in determining whether from the facts shown the plaintiff was guilty of contributory negligence, to consider the presumption that defendant would use ordinary care to avoid injuring pedestrians. p. 352.

5. NEGLIGENCE.—*Automobile Accident.—Use of Streets.—Instruction.—Harmless Error.*—Where plaintiff was injured by an automobile while he was attempting to cross a street, an instruction which told the jury that a pedestrian in a street is not guilty of contributory negligence if he fails to anticipate or take special precautions against injury by persons riding or driving at an unlawful or dangerous rate of speed, although inaccurate in not stating that a duty to use special precautions arises where the pedestrian has knowledge of the negligent or unlawful use of the street by one riding or driving thereon, was harmless in the absence of evidence showing that plaintiff prior to his injury, had any knowledge of any special or particular danger from the excessive speed of defendant's automobile. p. 353.

6. NEGLIGENCE.—*Automobile Accident.—Use of Streets.—Care Required of Pedestrians.*—Where a pedestrian in a street uses such care as would be ordinarily requisite to protect himself from injury by an automobile carefully operated thereon, he has discharged his full duty and is not guilty of contributory negligence, but if he has knowledge that the same is being operated in a negligent, reckless or unlawful manner, he is charged with a special duty of using such additional care as reasonable prudence dictates in view of the increased danger. p. 353.

7. NEGLIGENCE. — *Automobile Accident. — Instructions. — Care Required in Use of Streets.*—In an action for injuries caused by an automobile while plaintiff was crossing a street, an instruction which told the jury that it is the duty of an operator of an automobile on a highway or street to avoid causing injury, erroneously stated a degree of care not imposed by the law, and the error was not cured by the latter part of the instruction stating that the duty imposed required the operator to take into consideration the character of his machine, the manner of its running, its power, whether it is operated in a populous part of the city and on a much traveled street, and from these and all other pertinent considerations to proceed with that speed and caution which reasonable care requires according to the place and the presence of other travelers and vehicles. p. 354.

8. APPEAL.—*Review.—Instructions.—Contradiction.*—The giving of an instruction announcing two standards of duty for the measurement of defendant's conduct in determining whether he was negligent, is prejudicial error. p. 355.

9. TRIAL.—*Instructions.—Province of Jury.—Contributory Negli-*

*gence.*—An instruction that a person on foot, while lawfully using a public street, is not required to be looking or listening continuously to ascertain whether automobiles are approaching, under the penalty, on failure to do so, of being presumed negligent if he is injured, is erroneous, since the question of whether a failure to look or listen continuously will constitute negligence must depend upon the circumstances of the occasion and is for the jury to determine. p. 355.

10. TRIAL.—*Instructions.*—*Invading Province of Jury.*—A court may not substitute its judgment on a question of fact for the judgment of the jury. p. 356.

11. WITNESSES.—*Physician.*—*Failure to Call.*—*Effect.*—The fact that the plaintiff in an action for personal injuries did not call a physician who attended him to testify as to his injuries, should not be considered as detrimental to plaintiff's case. p. 356.

12. EVIDENCE.— *Opinion.*— *Speed.*— *Non-Expert Witness.*— *Competency.*—One who has had some opportunity, even though limited, to observe the speed of an automobile immediately prior to its collision with plaintiff, is competent to express an opinion as to its speed without qualifying as an expert. p. 356.

13. EVIDENCE.—*Opinion.*—*Speed.*—*Non-Expert Witness.*—*Opportunity for Observing Speed.*—*Weight of Testimony.*—The opportunity had by a non-expert witness to observe the speed of an automobile, as to which he has expressed an opinion, may be considered as affecting the weight of his testimony. p. 357.

14. DEPOSITIONS. — *Examination Before Trial. — Corrections.* — Where a deposition or examination is presented to a witness or party for his signature, he may have any corrections made therein necessary to make it speak the truth, but such corrections should be made before the notary taking the deposition or examination, either on notice to the opposite party or his attorney, or on voluntary appearance. pp. 357, 358.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by Alvey Woods against Frederick J. Rump. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*William P. Breen* and *John Morris,* for appellant.

*James B. Harper* and *John W. Eggeman,* for appellee.

LAIRY, J.—This is an appeal from a judgment in favor of appellee, for damages for personal injuries caused by a collision with the automobile of appellant. With its general verdict the jury returned answers to a number of interrogatories. Appellant moved in the trial court for judgment on

the answers to interrogatories notwithstanding the general verdict, which motion was overruled. This ruling is saved and assigned as error.

The facts as found by the jury in answers to interrogatories are, substantially, as follows: Fairfield avenue, in the city of Fort Wayne, is a public highway running

1.    north and south, and at the point where appellee was injured it runs through a business, or closely built up portion of the city, and there are sidewalks on each side thereof. Appellee was driving a milk wagon, with two horses attached to it, on the west side of the highway used for conveyances. He was driving the wagon himself, and Mr. Bradbury sat on the left-hand side of him. When he had driven his wagon a short distance south of Taylor street, he alighted from it on the east side, with his face towards the east, carrying a milk bottle in each hand, and started directly across the street to deliver the milk to Doctor Berry on the opposite side of the street. Just before appellee alighted from the milk wagon he looked south on Fairfield avenue, but did not see appellant's automobile approaching him, because it was not in sight. When he alighted, he did not look south on Fairfield avenue for approaching vehicles, and had he done so he could have seen appellant's automobile approaching him, and the collision would not have occurred in the manner in which it did. At that time the automobile was within twenty-five feet of appellee, and was going at the rate of thirty miles an hour. After appellee started to cross the street he collided with appellant's automobile, and was injured.

Appellant insists, with much earnestness, that the facts stated in the answers to interrogatories show that appellee was guilty of contributory negligence as a matter of law. According to these answers, appellee looked south on Fairfield avenue just before he stepped out of the wagon, and did not see the automobile approaching from that direction. He picked up two bottles of milk, and stepped out on the

street, while the wagon was still moving, but he did not look to the south a second time before starting to cross the street; if he had done so, he would have seen the automobile within twenty-five feet of him, and could have avoided the injury. The interrogatories do not show how much time elapsed from the time he looked south until he was struck. Evidence may have been introduced to show that only a short time had elapsed, and that his attention was attracted in the opposite direction by approaching vehicles. The interrogatories do not show how far he had walked before he was struck, and the evidence may have shown that he was struck when taking the second or third step. He was required to look north as well as south, and the evidence may have shown that on stepping out of the wagon he looked first in that direction, or that his attention was diverted by other vehicles on the street. It is apparent, we think, that evidence was admissible under the issues from which the jury may properly have found that appellee was in the exercise of ordinary care, even though he did not look south after getting out of the wagon and before starting to cross the street. The motion for judgment on the interrogatories was properly overruled.

It is claimed by appellant that the evidence shows without dispute that appellee was guilty of contributory negligence, and that, therefore, his motion for a new trial should have been sustained, on the ground that the verdict is not sustained by the evidence.

We have examined the evidence in this case bearing on the question of contributory negligence, and we are of the opinion that this question was properly submitted to the 2. jury for its decision. It is apparent from the evidence that appellee used some care in looking for the approach from the south, of automobiles and other vehicles. It was for the jury, under the facts shown in the case, to say whether the care used was such as a person of ordinary prudence would have exercised under the circumstances. Where

the facts and circumstances as disclosed by the evidence are of such a nature as to warrant different inferences, so that two minds of equal fairness and intelligence might reach opposite conclusions, the question of contributory negligence should be submitted to the jury. *Cleveland, etc., R. Co.* v. *Lynn* (1909), 171 Ind. 589, 85 N. E. 999, 86 N. E. 1017; *Baltimore, etc., R. Co.* v. *Walborn* (1891), 127 Ind. 142, 26 N. E. 207; *Mann* v. *Belt R., etc., Co.* (1891), 128 Ind. 138, 26 N. E. 819.

In the absence of knowledge to the contrary, appellee had a right to presume that all persons using the street, including appellant, would use ordinary care to avoid injuring pedestrians in the street. He had a right to presume that automobiles would not be run at an unlawful or dangerous rate of speed, but that they would be operated at such a rate of speed and with such care as reasonable prudence required, in view of all the conditions and circumstances. While the wrongful conduct of appellant in operating his automobile at an excessive rate of speed would not excuse appellee from the exercise of ordinary care; still, the jury had a right to consider this presumption in determining whether his conduct at and immediately before his injury was reasonably prudent under the circumstances. The evidence shows that when appellee looked south, before alighting from the wagon, he had an unobstructed view of the street for 450 feet, and that he saw no automobile approaching from that direction. In deciding whether appellee used ordinary care in attempting to cross the street without again looking south after he alighted from the wagon, the jury had a right to consider whether a man of ordinary prudence would have believed, under the circumstances, that he could cross before an automobile driven at a reasonable rate of speed would cover that distance. *Cleveland, etc., R. Co.* v. *Lynn, supra.*

We are next required to consider whether the court committed reversible error in its instructions to the jury, and in

refusing to give certain instructions requested by appellant. The first instruction is objected to on the ground that it misstates the issues. The issues are not stated in this instruction with accuracy, and it is subject to criticism on that account, but we need not decide whether this constitutes reversible error, for the reason that the case must be reversed for error in giving other instructions. As the same mistake is not likely to occur on a retrial of the case, we need not further consider this instruction.

By instruction five, the court told the jury that a person traveling on foot in a street is not guilty of contributory negligence if he fails to anticipate or take special precautions against injury by persons riding or driving at an unlawful or dangerous rate of speed.

A person traveling on foot in or across a street is required to use ordinary care to avoid being injured by coming in contact with cars or vehicles operated or driven in the street. He has a right to presume that persons in charge of cars and other vehicles will use ordinary care to avoid injuring him, and to govern his conduct accordingly. If he uses such care as would be ordinarily requisite to protect himself from injury by cars carefully operated, he has discharged his full duty, and is not guilty of contributory negligence. However, if he knows that a car or other vehicle is being operated on said street in a negligent, reckless or unlawful manner, then a special duty arises to use such additional care as reasonable prudence would dictate in view of the increased danger so occasioned. The care used should be proportionate to the danger ordinarily incident to crossing the street, unless special or particular dangers are known, in which event, the care must be proportioned to such known dangers. This instruction is not a strictly accurate statement of the law. While it is true that appellee was not bound to anticipate that appellant or any one else would be riding or driving in the street

Vol. 50—23

at an unlawful or dangerous rate of speed, and would not be under obligations to take precautions against injury from such an act, unless he knew of it in time to do so, still, if he had known that such automobile was approaching at a dangerous rate of speed, it would have become his duty to use special precautions in view of the danger thus occasioned. In this case, however, there is no evidence to show that appellee, prior to his injury, had any knowledge of any special or particular danger occasioned by the excessive speed of this car, and the error in this instruction was therefore harmless.

Instruction nine is as follows: "It is the duty of the operator of an automobile upon a highway or street to avoid causing injury, and this duty requires him to take into

7.    consideration the character of his machine, whether in its operation it is practically noiseless, its power, the manner in which it runs, whether it is operated in a populous part of the city and upon a much traveled street, and from these and all other pertinent considerations to proceed with that speed and caution which reasonable care requires according to the place and the presence of other travelers and vehicles." By the first part of this instruction the jury was told that it is the duty of the operator of an automobile on a highway or street to avoid causing injury. This part of the instruction imposes on the operator of an automobile the obligation of an insurer. If he so operates his automobile that no injury is caused thereby, he has discharged his duty, but if any one is injured as a result of such operation, he has violated his duty and is liable. The law does not impose so high a duty. It is the duty of a person driving an automobile to use ordinary care to avoid causing injury, in view of the conditions and circumstances. The latter part of the instruction does not cure the error contained in the first part. It is probable that the latter part of the instruction is susceptible of the meaning that only ordinary care is required of the driver of an automobile, but when it is con-

sidered in relation to the former part, it is doubtful whether the jury so understood it. In any event, the two parts of the instruction are contradictory, the first part imposing a duty of a much higher class than the last part. The instruction, at the best, announces two standards of duty by which the jury was authorized to measure the conduct of appellant for the purpose of deciding whether he was negligent, and we cannot say which one of these standards was applied. The error was necessarily prejudicial. A contradictory or confusing instruction cannot be regarded as harmless. *Summerlot* v. *Hamilton* (1889), 121 Ind. 87, 22 N. E. 973; *Fowler* v. *Wallace* (1892), 131 Ind. 347, 31 N. E. 53.

By the tenth instruction the court told the jury that a person on foot, while lawfully using a public street, is not required to be looking or listening continuously to ascertain whether automobiles are approaching, under the penalty, on failure to do so, of being presumed negligent, if he is injured. This is not a correct statement of the law. It must be left generally to the jury to say what acts constitute ordinary care, and what acts do not constitute such care. The effect of this instruction is to advise the jury, as a matter of law, that ordinary care does not require a person while crossing a public street to be looking continuously to ascertain whether automobiles or other vehicles are approaching. This must depend on circumstances. It is possible that a public street might be so congested with traffic of various kinds as to render it very hazardous for a person to endeavor to cross it on foot, without looking and listening constantly, while, on the other hand, it might be so little frequented by conveyances dangerous to pedestrians as to render slight care in this particular altogether sufficient. It was for the jury in this case to say just how much care, in respect to looking and listening, should have been used by appellee in crossing this particular street, in view of the conditions disclosed by the evidence.

It would have been error for the court to say, as a matter of law, that ordinary care required appellee to look and listen constantly, and it was also error to instruct the jury that ordinary prudence did not require him to do so. The court may not substitute its judgment on a question of fact for the judgment of the jury.

10.

The same objections pointed out to instruction ten apply with equal force to instructions eleven and seventeen.

The court did not err in giving to the jury instruction sixteen and one-half. By that instruction the jury was told that the fact that plaintiff did not call the physician who attended him at the hospital, to testify as to his injuries, should not be considered by it as detrimental to plaintiff's case. The case of *City of Warsaw* v. *Fisher* (1900), 24 Ind. App. 46, 55 N. E. 42, decided by the Appellate Court, has been disapproved by the Supreme Court in the case of *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, in view of which fact the case first cited can no longer be regarded as authority on the question here involved.

11.

Appellant's reasons for a new trial numbered thirty-three, thirty-four, thirty-seven, forty, forty-one, forty-two and forty-three call in question the action of the trial court in admitting the testimony of certain witnesses as to the speed of appellant's automobile just before and at the time it struck appellee. It is not necessary, in order to render a witness competent to express an opinion as to the speed of a train, that he should qualify himself as an expert. *Louisville, etc., R. Co.* v. *Jones* (1886), 108 Ind. 551, 567, 9 N. E. 476; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 28 N. E. 58.

12.

It is asserted by appellant that the witnesses who testified as to the speed of the automobile were not competent to express an opinion on this subject, for the reason that they had no sufficient opportunity to observe its speed at the time of and just prior to the accident. It is undoubtedly true that

a witness who did not see the automobile in motion just prior to the injury to appellee, or who did not possess some other means of judging of its speed at that time, would not be competent to express an opinion as to such speed. But a witness who had some opportunity, even though limited, of observing its speed, may express an opinion on that subject.

The fact that his opportunity of observing the speed 13. of the machine was slight, may be considered as affecting the weight of the testimony, but does not affect its competency. All the witnesses who were permitted to testify, disclosed by their evidence that they had some opportunity of observing the speed of the automobile. The court did not err in admitting this testimony. Its weight was for the jury.

On the trial, appellant introduced the examination of appellee taken before the trial and filed with the clerk of the court under the provisions of §533 Burns 1908, §509 14. R. S. 1881. Appellant read all of said questions to and including question 260 and the answers thereto. Appellee's attorneys thereupon offered to read a number of statements made by appellee, following the answer to question 260 and preceding appellee's signature, which statements purport to correct and explain certain answers made by appellee to certain questions in the course of the examination referred to in such statements. The court permitted these statements to be read to the jury over the objection of appellant, and this is assigned as one of the reasons for a new trial.

It appears from the record that the examination of appellee was taken at the law office of appellant's attorneys by agreement, before Benita Fox, a notary public. The statements purporting to be corrections and explanations of answers were made a week or two after appellee gave his testimony, at a time when he was at the office of his own attorney for the purpose of signing his examination. The statements were reduced to writing by a stenographer, in the

absence of appellant and his attorneys and of the notary who took the examination, after which appellee attached his signature.

In case a deposition or examination is taken in shorthand, and afterwards copied in longhand, and presented to a witness or party for his signature, there can be no doubt as to the right of such witness or party to have any such corrections made therein as may be necessary to make it speak the truth. If an answer has been incorrectly taken down, he may have this corrected, or if by mistake or through a misunderstanding of the question he has made a wrong answer, he has a right to explain this fact. Such corrections or explanations should be made, however, before the notary who is engaged in taking the examination, either on notice to the opposite party or his attorneys, or on voluntary appearance. On such corrections and explanations being made, either party would then have the right to ask further questions, and the rights of both parties would thus be protected; but if a party whose examination has been taken has a right to make such changes in his answers as he may desire, without giving the opposite party any opportunity further to question him on the subject, the purpose of the examination may be defeated. We need not decide in this case whether the admission in evidence of the statements attached to the examination constitutes reversible error. It is sufficient to say that the practice of making corrections or changes in the answers contained in examinations or depositions, at a time when the other party to the litigation is not represented, is a practice not to be commended, and may constitute reversible error.

Other questions presented need not be discussed, as they will probably not arise on a retrial of this case.

For error of the court in giving instructions nine, ten, eleven and seventeen, the judgment is reversed, with directions to grant a new trial.

Judgment reversed.

NOTE.—Reported in 98 N. E. 369. See, also, under (1) 29 Cyc. 658; (2) 29 Cyc. 640; (3) 29 Cyc. 516; (5) 29 Cyc. 659; (6) 29 Cyc. 518; (7) 29 Cyc. 650; (8) 38 Cyc. 1604; (9) 38 Cyc. 1646; (11) 16 Cyc. 1062; (12, 13) 17 Cyc. 105, 107; (14) 13 Cyc. 969, 970. As to the contributory negligence of one injured through the other's negligence of two persons using a highway, see 48 Am. St. 373. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. The authorities on the duty of a pedestrian to look out for auto cars are collated in notes in 3 L. A. R. (N. S.) 345 and 20 L. A. R. (N. S.) 232. As to duty of operator of automobile to stop in order to avoid collision with pedestrian, see 24 L. R. A. (N. S.) 557. On the duty and liability of person operating automobile on public streets or highways generally, see 4 L. R. A. (N. S.) 1130. For reciprocal duty of operator of automobile and pedestrian to use care, see 38 L. R. A. (N. S.) 487 and 42 L. R. A. (N. S.) 1178. On the question of evidence as to speed of automobiles or other road vehicles, see 34 L. R. A. (N. S.) 778. For speed of automobiles as negligence, see 25 L. R. A. (N. S.) 40.