## LOUISIANA RY. & NAV. CO. OF TEXAS v. HUMPHREYS. (No. 9554.)

(Court of Civil Appeals of Texas. Dallas. April 17, 1926. Rehearing Denied June 5, 1926.)

**I. Railroads ⊜350(7).**

Whether statutory signals were properly given by train, and whether electric crossing bell was rung, *held* for jury.

**2. Evidence ⊜147—Testimony of plaintiff and wife, who were listening for signals, that no signals were given by approaching train or crossing bell amounted to positive testimony that signals were not sounded.**

Testimony of plaintiff and wife that as automobile in which they were riding approached railroad crossing they were listening to hear whether electric crossing bell was ringing, and whether any train sounded a whistle or rung its bell, and that they did not hear any such signals,

---

amounted to positive testimony that signals were not sounded.

**3. Railroads ⚙⟹344(6)—It must be alleged as against general demurrer that speed ordinance violated by train had been duly enacted, and was in force.**

In automobile guest's action for injuries when struck by train, in which cause of action was based in part on violation of city speed ordinance, it was necessary as against general demurrer to allege that such ordinance had been duly enacted and was in force at time of accident.

**4. Evidence ⚙⟹32.**

Courts do not take judicial notice of city ordinances.

**5. Railroads ⚙⟹344(6)—Allegation of railroad's violation of speed ordinance held to permit inference as against general demurrer that ordinance was duly enacted and in existence.**

In automobile guest's action for injuries when struck by train, based on allegation that trainmen failed to run train within speed limit as regulated by ordinance of city named, *held* to permit inference as against general demurrer that ordinance was duly enacted and in existence at such time.

**6. Evidence ⚙⟹474(8)—Automobile guest held not qualified to express opinion as to speed of train striking automobile, where forming opinion from review of accident.**

Automobile guest *held* not qualified to give an opinion as to speed of train striking automobile at 10 o'clock at night and 'when train was seen by witness only when it was bearing down on him at a distance of 15 to 20 feet, where he was expressing his opinion formed from a review of the accident.

**7. Evidence ⚙⟹492—Witness in position to observe may give opinion as to speed of train, whether he is experienced or inexperienced in estimating speed.**

Witness, shown to be in position to observe speed of train, should be permitted to give opinion as to speed formed from his observation, whether he is experienced or inexperienced in estimating speed of train.

**8. Evidence ⚙⟹498½—Court's province is to decide whether witness testifying as to speed of train has shown himself to be qualified.**

Where witness testifies as to speed of train, it is court's province to decide whether witness has shown himself to be in a position so that he could have formed an estimate of moving train.

**9. Evidence ⚙⟹568(6).**

Where witness testifying as to speed of train is shown to be qualified, weight to be given his evidence is for jury.

**10. Appeal and error ⚙⟹1050(1)—Admitting incompetent opinion evidence of automobile guest as to speed of train striking automobile held harmful, where it was entire evidence on material issue.**

In automobile guest's action for injuries when struck by train, based in part on violation of city speed ordinance, admitting incompetent opinion evidence of plaintiff as to speed of train *held* harmful, where it was the entire evidence on which issue as to whether speed of train exceeded ordinance was submitted.

**11. Railroads ⚙⟹346(4).**

Injured person, complaining of railroad's violation of speed ordinance, has burden of proving excessive speed by preponderance of evidence.

**12. Railroads ⚙⟹348(5)—Evidence held not to show railroad's violation of speed ordinance.**

In automobile guest's action for injuries when struck by train, plaintiff *held* not to have sustained burden of proving that speed of train exceeded speed ordinance, as alleged.

**13. Appeal and error ⚙⟹930(4)—Reviewing court cannot say that jury's verdict was not based on issue of violation of city speed ordinance on which plaintiff failed to discharge burden of proof, where such issue was submitted and other issues presented sharply controverted issues of fact.**

In automobile guest's action for injuries when struck by train, based in part on violation of city speed ordinance, reviewing court cannot say that jury's verdict was not based on such issue on which plaintiff failed to sustain burden of proof, where such issue was submitted, and evidence, though sufficient to sustain issues of negligence in failing to give proper warnings, presented sharply controverted issues of fact.

Looney, J., dissenting.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by P. L. Humphreys against the Louisiana Railway & Navigation Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

McMahon, Dohoney & Dial, of Greenville, for appellant.

Evans & Evans and Harrell & Starnes, all of Greenville, for appellee.

JONES, C. J. Appellee, P. L. Humphreys, recovered judgment in the district court of Hunt county against appellant, Louisiana Railway & Navigation Company of Texas, in the sum of $700 for personal injuries alleged to have been received in a collision of appellant's passenger train with an automobile in which he was a passenger. Appellant has duly perfected its appeal to this court. The facts are as follows:

The said automobile was operated for the purpose of carrying passengers for hire, and appellee and his wife had taken passage in same, and were riding on the rear seat of said automobile, which appears to have been an ordinary five-passenger car. Wesley street is a public street in the city of Greenville, and runs north and south. It crosses appellant's tracks at right angles in said city. On the west side of Wesley street, and just north of

---

⚙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant's tracks, is a large lumber yard, with sheds extending to the south line of the railroad right of way and to the sidewalk on the west side of Wesley street. There are three tracks at said crossing; the north and south tracks being switch tracks, and the center track being the main line. , On the north switch track two box cars were standing; the east end of the one nearest Wesley street extending to the crossing on the west side of said street. That portion of Wesley street crossed by appellant's tracks is heavily burdened with traffic, and appellant had installed at said crossing an automatic electric bell for the purpose of warning the users of the street of the approach of trains. Because of the obstruction above described, one approaching said crossing from the north on Wesley street could not see a train on the main track coming from the west until he had cleared the north switch track. On the night of May 4, 1924, the occasion in question, and at about 10 o'clock, the front of the automobile in which appellee was riding collided with the front part of an engine that was pulling one of appellant's passenger trains, and said automobile was carried a distance of approximately 150 to 175 feet before the train was stopped. The said train approached the crossing from the west, and the front wheels of the automobile had just crossed the north rail of the said main track when the train was discovered, and the collision occurred almost simultaneously. Appellee received injuries directly and proximately caused by said collision. In obedience to the verdict of the jury in appellee's favor, we find that on said occasion the said automatic bell did not ring a warning on the approach of the train, and the statutory signals of blowing the whistle and ringing the bell were not given by appellant's employés in charge of the operation of the said engine.

The case was submitted to the jury on a general charge, as follows: (a) As to whether appellant's employés, in operating said train as it approached the crossing, failed to operate same at such rate of speed as would have enabled them to retain control thereof, and as to whether such failure, if any, was negligence; (b) as to whether the electric warning signal at said crossing failed to ring as said train approached said crossing, and as to whether such failure, if any, was negligence; (c) as to whether said train was approaching said crossing at a greater rate of speed than 10 miles per hour; (d) as to whether there was a failure to give the statutory signals in approaching said crossing by blowing the whistle within a distance of at least 80 rods from same, or a failure to ring the bell on said engine within said distance, and to keep same ringing continuously until said train reached said crossing, and as to whether the jury believed that any or all of said acts or omissions, if any, were the direct and proximate cause of appellee's injuries, if any.

[1, 2] Appellant, by timely exceptions to the charge, and appropriate assignments of error, has duly raised all the issues herein discussed. Appellant requested peremptory instruction in its favor, on the theory that none of the issues above submitted were raised by the evidence. Error is assigned also on the admission of certain evidence, which will be hereinafter discussed. The gist of appellant's contention in reference to its right to peremptory instruction is based on the theory that, as there was direct and positive evidence that the statutory signals were properly given, the said electric bell was ringing its warning, and that this character of evidence established a fact that is not disproven by what appellant styles mere negative testimony, and that the other issues of negligence submitted were not raised, either by pleading or evidence. It is not necessary to pass upon this contention as to the effect of negative testimony, for, in our opinion, there was affirmative evidence offered by appellee that tended to establish the failure to give each of said signals. Both appellee and his wife testified that as the automobile approached said crossing they were listening to hear whether the electric warning bell was ringing and to hear whether any train sounded a whistle from its engine or rang its bell, and that they did not hear any of such signals. This amounts to positive testimony that signals were not sounded. The assignments of error in this respect are overruled.

It is also contended that appellee's pleading does not raise the issue as to the due enactment of a speed ordinance by the city of Greenville, and that said ordinance was in force at said time, and, by its terms, prohibited the operation of trains at said crossing at a greater rate of speed than 10 miles per hour, and that the court erred in admitting over its timely objection such speed ordinance. It is also contended that the evidence in reference to the violation of this ordinance is not of sufficient potency to authorize the submission of the issue of its violation. In connection also with this issue, error is assigned on the admission of appellee's testimony to the effect that in his judgment said train was being operated at a speed of 25 miles per hour, for the reason that it appeared from appellee's testimony that it was impossible for him to estimate the speed of said train at said time.

[3, 4] As a basis for the introduction of said ordinance, the petition alleged that appellant's employés "failed and neglected to run said train within the speed limit as regulated by a city ordinance of the city of Greenville." There was no special exception urged against this allegation, and the question is whether it is sufficient as against a general demurrer. Appellee having based his cause of action in part on the violation of a speed ordinance of the city of Greenville, it was necessary, as against a general demurrer, to allege that said ordinance had been duly enacted and was in force at said time, for courts do

not take judicial notice of city ordinances. City of Austin v. Walton, 68 Tex. 507, 5 S. W. 70; Brush Elec. L. & P. Co. v. Lefevre, 93 Tex. 604, 57 S. W. 640, 49 L. R. A. 771, 77 Am. St. Rep. 898; Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 229; Railway Co. v. Boyed (Tex. Civ. App.) 201 S. W. 219.

[5] It being necessary for appellee to allege the due enactment and existence of a speed ordinance in the city of Greenville and its violation by the operatives of appellant's train, was this allegation sufficient to admit the said ordinance in evidence? The effect of this pleading is to allege that an ordinance of the city of Greenville regulated the speed of trains within its corporate limits, and that appellant had violated same on the occasion in question. Under this allegation, as against a general demurrer, we can infer that said ordinance was duly enacted and in existence at said time.

[6] There is evidence from experienced train operatives that at the time and just before the collision the train did not exceed a speed of 10 miles per hour; all but one placing the speed at from 6 to 8 miles per hour. The evidence of appellee as to the speed of the train is that when he first became aware of the presence of the engine the front wheels of the automobile were just over the railing of the main track, and "when I first saw the train it looked to me like it was about 15 or 20 feet away. It looked like it was right there. I could form an idea about how fast the train was running when I first saw it. I suppose, in my judgment, that train was running about 25 miles an hour." This evidence of appellee's and the distance the train traveled after the collision before it came to a stop is the entire evidence on which the material issue of fact as to whether the speed of the train exceeded 10 miles an hour was submitted. To this evidence appellant timely objected, on the ground that appellee was not qualified to give an opinion as to the speed of the train, in that his own testimony showed that he was not in a position to judge of the speed or to give any opinion thereon. We are of opinion that under the circumstances of this case this objection should have been sustained. The testimony of appellee does not show that he formed an opinion at the time, and is giving expression to that opinion, but, on the contrary, it shows that he was expressing his opinion formed from a review of that occurrence. One who has shown that he had an opportunity to observe the speed of a train, and that he formed an opinion at the time as to its speed, usually is permitted to estimate its speed; the important factor being that the witness placed himself in a position to observe, and did observe, the moving train.

Mr. Chamberlayne, in discussing this character of evidence, uses the following language:

"That a witness should be regarded by the court as competent to give a helpful estimate as to speed, it is essential, as in other connections, that he should have had reasonable opportunities for observing and adequate mental powers to co-ordinate what he perceived into an inference which the jury may consider with advantage. * * * In a pre-eminent degree, the qualities of an observer who ventures to state an inference as to the speed of a railroad train will receive careful consideration from the court. * * * In case of an estimate as to the speed of a railroad train, suitable opportunities for perception are essential." Section 2090, 3 Chamberlayne's Modern Law of Evidence.

In the same section the author says:

"One who has no opportunity of noticing the speed of a train before being struck is not regarded as qualified to state the rate of motion from the force of the impact."

[7-12] If a witness is shown to be in a position to observe the speed of a train, and from such observation forms an opinion as to such speed, he should be permitted to give such opinion whether he is shown to be experienced or inexperienced in estimating the speed of trains. The amount of experience he has had is considered as going to the weight of his evidence, and not to its admissibility. It is a matter for the court to decide from the witness' testimony whether such witness has shown himself to be in a position as that he could have formed an estimate of the moving train. When such position is shown, then the weight to be given the opinion of the witness as to the train's speed is for the jury. In the instant case, it was about 10 o'clock at night. The train was seen by the witness only when it was bearing down on him and at a distance of 15 or 20 feet. Manifestly there was no opportunity for the witness to "co-ordinate what he has perceived into an inference which the jury may consider with advantage." While this evidence was of no potency, yet the fact that the court overruled the objection and permitted the evidence to go to the jury was an assurance to the jury that it was proper for their consideration, and its admission necessarily harmful to appellant. The burden rested upon appellee to prove this issue of negligence by a preponderance of the evidence, and we do not think the admission of appellee's said evidence even tended to discharge this burden. We overrule the assignments of error in reference to the pleading of the ordinance and its admission in evidence, but sustain the assignments of error in reference to the failure of the evidence to raise this issue of negligence and the assignment of error complaining of the admission of appellee's said evidence in reference to the speed of the train.

[13] While the negligence of appellant in failing to give the statutory signal and its failure also to have the warning bell in such repair as it would ring are sustained by the

evidence, and are sufficient in themselves to sustain this judgment, yet, as negligence in each of these respects was a sharply controverted issue of fact, and the case having been submitted on a general charge, the majority of this court is unable to say that the jury's verdict was not based on the issue of a violation of the said city ordinance.

We have carefully considered all other assignments of error, with the result that we are of the opinion that none of them show reversible error. The charge of the court prohibiting the jury from reaching a verdict by a method commonly known as "lot" is perhaps erroneously drawn, but we fail to see where any injury resulted to appellant.

For the reasons above stated, it is the opinion of the majority of this court that this cause should be reversed and remanded for another trial not inconsistent with the views here expressed.

LOONEY, J. (dissenting). At a former day of this term an opinion was handed down by the majority of the court reversing and remanding this cause, for the reason that the trial court permitted appellee, over objection, to give his opinion as to the speed of the train at the time of, and just preceding, the accident. The objection to the admission of this evidence was that appellee was not at the time he made his observations in a position to form a correct judgment as to the speed of the train; therefore, was not qualified to express an opinion. I did not assent to the correctness of the proposition announced by the majority on which the case was reversed and remanded, and will now give my reasons for dissenting.

Appellee testified that the automobile in which he was riding approached the crossing where the collision occurred, slowly, at a speed not exceeding 10 or 12 miles per hour; that he was paying attention to the crossing, listening for the ringing of a bell or the blowing of a whistle, and also for the automatic ringer located at the crossing, but heard neither; that just about the time the front wheels of the automobile reached the first rail of the track he saw the headlight of the approaching engine; that it was 15 or 20 feet away when he first observed it. He was asked by his attorney if he could form any idea about how fast the train was running when he first saw it. Answering this in the affirmative, he was asked to tell the jury in his judgment about how fast the train was running. To this question appellant objected, for the reason that the witness was not shown to be qualified to give his opinion as to the speed of the train; that he was not in a position to judge of its speed; that the engine at the time was not more than 15 or 20 feet away from him, and that it was dark. This objection was overruled by the court, and appellee permitted to testify that, in his

judgment, the train was running about 25 miles per hour. On this ruling of the court, appellant assigned error, which was sustained by the majority, resulting in the case being reversed and remanded. As I view the matter, the objection went to the weight, and not to the admissibility, of the evidence.

Opinion evidence as to speed is admissible because, from the very nature of the subject, no better evidence can be obtained. Lorenzen v. United R. Co., 249 Mo. 182, 155 S. W. 30. No special qualification is necessary to equip a witness to testify other than everyday experiences. That this is the recognized rule in this state will appear from an examination of the following cases: G., H. & S. A. Ry. Co. v. Huebner (Tex. Civ. App.) 42 S. W. 1021; G., H. & S. A. Ry. Co. v. Sullivan (Tex. Civ. App.) 42 S. W. 568, 569; G., C. & S. F. Ry. Co. v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 614, 621; G., H. & S. A. Ry. Co. v. Harling (Tex. Civ. App.) 208 S. W. 208, 212.

In G., C. & S. F. Ry. Co. v. Bell, supra, the court said:

"The objection to the court's allowing witnesses Key and Collins to state their opinion as to the speed of the train on the night of the collision is not well taken. The objection that they were not in a position to know the fact goes to the weight of the evidence, and was for the jury."

A case very much in point is Fuhry v. Chicago City R. Co., 239 Ill. 548, 88 N. E. 221. This was a case where a passenger in a car that was run into by another brought suit for damages, and, on the trial, a witness was permitted to testify that he saw the approaching car about an instant before it struck, and that it was running about 10 miles per hour. The evidence was objected to, on the ground that the witness was not in a position to judge of the speed, as he only saw the car an instant before the collision. This objection was overruled; the court holding that the objection went to the weight, and not to the admissibility, of the evidence. To the same effect see Himmelwright v. Baker, 82 Kan. 569, 109 P. 178; Shimoda v. Bundy, 24 Cal. App. 675, 142 P. 109; Rump v. Woods, 50 Ind. App. 347, 98 N. E. 369.

No doubt appellee was excited and in great fear when he saw the approaching train, and that by reason of his emotions any opinion formed as to the speed of the train would carry little weight. However that may be, it is my opinion that these were questions for the jury and not for the court.

In discussing the case, and as an illustration of the view of the majority as to the inadmissibility of this evidence, they say:

"The testimony of appellee does not show that he formed an opinion at the time, and is giving expression to that opinion, but, on the contrary, it shows that he was expressing his opinion formed from a review of that occurrence."

I do not agree to this construction of the testimony. It does not appear to me that it is the expression of an opinion formed from a review of the occurrence, but is the expression of an opinion formed at the time of the occurrence. However, if the testimony is susceptible to that construction, the fact that the witness formed the opinion from a review of the occurrence furnishes no ground for its exclusion. An opinion formed in calmness ought to be given more weight than one formed in excitement, or when the matter about which the opinion is expressed arises suddenly and unexpectedly. This view is sustained by the following cases from the Supreme Court of Missouri: Lorenzen v. United R. Co., supra; Stauffer v. Metropolitan St. Ry. Co., 243 Mo. 305, 147 S. W. 1032.

For these reasons I believe the majority was in error in sustaining appellant's assignment and in reversing the case. On the contrary, I think the assignment should have overruled and .the case affirmed.