### HUMPHRIES v. LOUISIANA RY. & IRR. CO. OF TEXAS.   (No. 924—4700.)

(Commission of Appeals of Texas, Section A. March 2, 1927.)

**1. Evidence ☞474(8)—One injured in collision with train, first observed about 20 feet away in dark, as automobile in which he was riding reached track, held competent to testify as to speed of train.**

One suing for injuries received in collision of defendant's train with automobile, in which plaintiff was riding, *held* competent to testify as to speed of train, though it was dark and engine was only 15 or 20 feet away when he first observed it as automobile reached track; objection going to weight, not admissibility, of evidence.

**2. Evidence ☞492—Opinion evidence as to speed of train is admissible.**

Opinion evidence as to speed of train is admissible, as no better evidence can be obtained.

**3. Evidence ☞474(8)—No special qualification is necessary to testify as to speed of train.**

No special qualification, other than everyday experiences, is necessary to equip a witness to testify as to speed of train.

**4. Evidence ☞492—Testimony as to speed of train, first observed about 20 feet away, as automobile in which witness was riding reached track, held not inadmissible as opinion formed from review of occurrence.**

In action against railway company for injuries in collision of train with automobile in which plaintiff was riding, plaintiff's testimony as to speed of train, first observed 15 or 20 feet away in dark, as automobile reached track, *held* not inadmissible as expression of opinion formed from review of occurrence rather than at time thereof.

**5. Evidence ☞492—That witness' opinion as to speed of train was formed from review of occurrence rather than at time thereof is no ground for its exclusion.**

That witness injured in collision with train, first observed by him when 15 or 20 feet away in dark, as automobile in which he was riding reached track, formed opinion as to speed of train from review of occurrence, rather than at time thereof, is no ground for its exclusion.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by P. L. Humphries against the Louisiana Railway & Irrigation Company of Texas. A judgment for plaintiff was reversed by the Court of Civil Appeals (285 S. W. 869), and plaintiff brings error. Reversed, and judgment of the district court affirmed.

The dissenting opinion of Justice Looney, of the Court of Civil Appeals, adopted, follows:

[1] At a former day of this term an opinion was handed down by the majority of the court reversing and remanding this cause, for the reason that the trial court permitted appellee, over objection, to give his opinion as to the speed of the train at the time of, and just preceding, the accident. The objection to the admission of this evidence was that appellee was not at the time he made his observations in a position to form a correct judgment as to the speed of the train; therefore, was not qualified to express an opinion. I did not assent to the correctness of the proposition announced by the majority on which the case was reversed and remanded, and will now give my reasons for dissenting.

Appellee testified that the automobile in which he was riding approached the crossing where the collision occurred, slowly, at a speed not exceeding 10 or 12 miles per hour; that he was paying attention to the crossing, listening for the ringing of a bell or the blowing of a whistle, and also for the automatic ringer located at the crossing, but heard neither; that just about the time the front wheels of the automobile reached the first rail of the track he saw the headlight of the approaching engine; that it was 15 or 20 feet away when he first observed it. He was asked by his attorney if he could form any idea about how fast the train was running when he first saw it. Answering this in the affirmative, he was asked to tell the jury in his judgment about how fast the train was running. To this question appellant objected, for the reason that the witness was not shown to be qualified to give his opinion as to the speed of the train; that he was not in a position to judge of its speed; that the engine at the time was not more than 15 or 20 feet away from him, and that it was dark. This objection was overruled by the court, and appellee permitted to testify that, in his judgment, the train was running about 25 miles per hour. On this ruling of the court, appellant assigned error, which was sustained by the majority, resulting in the case being reversed and remanded. As I view the matter, the objection went to the weight, and not to the admissibility, of the evidence.

[2, 3] Opinion evidence as to speed is admissible because, from the very nature of the subject, no better evidence can be obtained. Lorenzen v. United R. Co., 249 Mo. 182, 155 S. W. 30. No special qualification is necessary to equip a witness to testify other than everyday experiences. That this is the recognized rule in this state will appear from an examination of the following cases: G., H. & S. A. Ry. Co. v. Huebner (Tex. Civ. App.) 42 S. W. 1021; G., H. & S. A. Ry. Co. v. Sullivan (Tex. Civ. App.) 42 S. W. 568, 569; G., C. & S. F. Ry. Co. v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 614, 621; G., H. & S. A. Ry. Co. v. Harling (Tex. Civ. App.) 208 S. W. 208, 212.

In G., C. & S. F. Ry. Co. v. Bell, supra, the court said:

"The objection to the court's allowing witnesses Key and Collins to state their opinion as

to the speed of the train on the night of the collision is not well taken. The objection that they were not in a position to know the fact goes to the weight of the evidence, and was for the jury."

A case very much in point is Fuhry v. Chicago City R. Co., 239 Ill. 548, 88 N. E. 221. This was a case where a passenger in a car that was run into by another brought suit for damages, and, on the trial, a witness was permitted to testify that he saw the approaching car about an instant before it struck, and that it was running about 10 miles per hour. The evidence was objected to, on the ground that the witness was not in a position to judge of the speed, as he only saw the car an instant before the collision. This objection was overruled; the court holding that the objection went to the weight, and not to the admissibility, of the evidence. To the same effect see Himmelwright v. Baker, 82 Kan. 569, 109 P. 178; Shimoda v. Bundy, 24 Cal. App. 675, 142 P. 109; Rump v. Woods, 50 Ind. App. 347, 98 N. E. 369.

No doubt appellee was excited and in great fear when he saw the approaching train, and that by reason of his emotions any opinion formed as to the speed of the train would carry little weight. However that may be, it is my opinion that these were questions for the jury and not for the court.

[4, 5] In discussing the case, and as an illustration of the view of the majority as to the inadmissibility of this evidence, they say:

"The testimony of appellee does not show that he formed an opinion at the time, and is giving expression to that opinion, but, on the contrary, it shows that he was expressing his opinion formed from a review of that occurrence."

I do not agree to this construction of the testimony. It does not appear to me that it is the expression of an opinion formed from a review of the occurrence, but is the expression of an opinion formed at the time of the occurrence. However, if the testimony is susceptible to that construction, the fact that the witness formed the opinion from a review of the occurrence furnishes no ground for its exclusion. An opinion formed in calmness ought to be given more weight than one formed in excitement, or when the matter about which the opinion is expressed arises suddenly and unexpectedly. This view is sustained by the following cases from the Supreme Court of Missouri: Lorenzen v. United R. Co., supra; Stauffer v Metropolitan St. Ry. Co., 243 Mo. 305, 147 S. W. 1032.

For these reasons I believe the majority was in error in sustaining appellant's assignment and in reversing the case. On the contrary, I think the assignment should have been overruled and the case affirmed.

James & Evans, of Greenville, for plaintiff in error.

McMahan & Dohoney, of Greenville, for defendant in error.

BISHOP, J. Plaintiff in error, P. L. Humphries, instituted this suit in the district court of Hunt county and recovered judgment against defendant in error for personal injuries received in a collision of its passenger train with an automobile, in which he was riding, at the crossing of Wesley street and its railroad in the city of Greenville, Tex. On trial the rate of speed at which the train approached the crossing was material. Plaintiff in error, over objection, was permitted to testify that, in his opinion, the train was running about 25 miles per hour. The Court of Civil Appeals held that the witness' testimony shows that he was not in a position to form an opinion of the rate of speed at which the train was running and that the admission of his testimony in evidence was error, for which the judgment should be reversed. Justice Looney of that court delivered a dissenting opinion, in which he reached the conclusion that the witness' testimony showed him competent to testify as to the speed of the train. 285 S. W. 873.

The facts are fully stated in the opinion of the Court of Civil Appeals, and, as we agree with the views expressed in the dissenting opinion, we adopt same as our report, and recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.