### D. J. VAN FOSSEN, *et al.*, v. S. P. MOSHER.

CONTRACT — *Evidence, Not Error to Exclude.* Where plaintiff and defendants engage in the business of selling real estate on commission, and plaintiff is to receive one-third of the commissions on such sales as compensation; and while so engaged they enter into a real-estate speculation not connected with their other business, and by agreement plaintiff was to receive one-third of the net profit of said speculation; and afterward, by agreement, the general real-estate business was closed up; and afterward the defendants made a profit from said speculation and refused to account therefor to the plaintiff, in an action to recover such interest: *Held,* Not error to exclude statements and declarations made by plaintiff in relation to and in connection with the general business, which had no relation to or connection with that particular transaction or speculation.

*Error from Bourbon District Court.*

ACTION by *Mosher* against *Van Fossen* and *Wilcox*, for one-third of the profits from the sale of lot 11, in block 103, in Fort Scott, Kansas.　Trial at the May Term, 1886, and verdict and judgment for plaintiff for $249.63.　The defendants bring the case here.

*J. D. McCleverty*, and *W. C. Perry*, for plaintiffs in error. *E. M. Hulett*, for defendant in error.

Opinion by CLOGSTON, C.: Van Fossen and Wilcox were partners, engaged in the real-estate and insurance business in the city of Fort Scott.　S. P. Mosher, the defendant in error,

27 — 38 KAS.

was at the time of the transaction complained of employed by them in their office, in connection with their business, and had charge of the real-estate business of the city, and was to receive as compensation one-third of the commission on the sales made in that department. Sometime in the winter of 1883, plaintiff discovered that lot 11, block 103, in Fort Scott, could be purchased, and he conveyed this intelligence to Van Fossen and Wilcox, and was by them instructed and authorized to purchase the lot, if it could be purchased for $1,000, provided a good title could be procured thereto. Plaintiff purchased the lot for $750, and after some correspondence procured the title to the property, the deed being taken in the name of one Havens, and being dated March 27, 1883. At the time of the purchase, plaintiff ascertained that one McDonald desired to purchase the lot, and that he would give $1,500 for it. Plaintiff at once informed the defendants of this fact, and was directed by them to sell the lot to McDonald, if that sum could be realized for it. Up to this time there seems to have been no arrangement as to what interest the plaintiff should have in the transaction, and it is claimed by him that this transaction was independent of and not connected with the general business he had been doing for the defendants, and that he desired to know what his interest was to be in the property. In a conversation with Van Fossen it was arranged that if he sold the property to McDonald he should have as his share one-third of the profit realized from the transaction. A deed was prepared and plaintiff presented it to McDonald, whereupon McDonald desired not to take the property. In the meantime the plaintiff had ascertained that another person was desirous of purchasing the property, and had offered $1,800 for it. Knowing this fact, he released McDonald from his agreement to take the property, and informed the defendants of the offer of $1,800, and the release of McDonald, and asked that a deed be made to the person making the offer. Van Fossen then refused to sell the property on this last offer, and said he would take it himself, and no settlement was made between the parties in relation to the plaintiff's share in the

property, but without the knowledge of plaintiff defendants gave him credit on his general account on their books for $37.50, the commission they allowed him in the transaction. Shortly afterward plaintiff purchased the insurance business of the defendants and severed his connection with them, drawing his balance on his general account, including the $37.50, but claimed that the defendants were indebted to him for his share in the lot transaction.

The only errors alleged are, that the evidence does not sustain the verdict, and that the court ruled out competent testimony material to their defense.   On the first of these propositions this court has often laid down the rule that where there is some evidence to sustain a verdict this court will not disturb it.   This was a disputed question of fact, and the defendants gave their theory of the matter and the plaintiff gave his, and the jury were the exclusive judges of the matter, and we cannot disturb their verdict on that ground.   The evidence excluded is as follows: "The defendants offered to prove in answer to that question, that Van Fossen then stated to the witness in the presence of Mosher, that Mosher had no interest in the real-estate business of Van Fossen & Wilcox, and that Mosher assented thereto."   This was a conversation said to have taken place in the office of the defendants, in the presence of Van Fossen and their book-keeper, in which Van Fossen purported to have made the statement in Mosher's presence, and addressed to Mosher, that he, Mosher, then had no interest in the business.   This was after the lot transaction. We think this evidence was properly excluded.   This related to their partnership real-estate business, and not to this individual transaction.   There is no controversy in relation to their general business, and no dispute about it.   They closed and settled it up, and no claim was made, so far as the record shows, that there was any difference between them in relation to the general partnership business.   This being true, it was not competent to bind the plaintiff by any declarations that related solely to that partnership, or that general business in which they were engaged, and which had no reference to this

particular transaction. This was not a sale on commission, but was a purchase by the firm for the firm's benefit. The evidence further discloses that in September, 1883, the defendants sold the north half of this lot for $1,300, and on November 9, 1883, they sold the south half for $1,500.

We think there is ample evidence to support the verdict and judgment, and the exclusion of the evidence complained of was not error.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.