NEWMAN ERB, *Receiver of the Kansas City, Wyandotte & Northwestern Railroad Company*, v. EMMA POPRITZ.

### No. 10452.

1. FEDERAL COURT RECEIVER—*state court action against, not affected by notice requiring presentation of claims to special master.* While an action was pending in the State court against the receiver of a railroad, appointed by the Federal court, a notice was given requiring all persons having claims or demands against the receiver to present them to a special master within a given time. *Held*, that the notice did not preclude the prosecution of the pending action to final judgment in the State court.

2. ———— *allegation that property and funds have passed beyond control of, no defense, when termination of receivership not averred.* The liability of a receiver is official, and not personal, and a judgment rendered against him is payable out of the trust property and funds brought within the custody of the court; but when it does not appear that the receivership is terminated a mere averment that the property and funds have passed out of his possession and beyond his control will not constitute a good defense in an action against him for personal injuries alleged to have been negligently inflicted.

3. CONTRIBUTORY NEGLIGENCE—*injured employee's general reputation for care and prudence not admissible to prove or rebut.* On the question whether a trainman who was injured was exercising due care in a particular instance, his general reputation for care and prudence is not admissible for or against him.

4. OPINIONS OF WITNESSES—*not allowed as to ultimate facts nor where not necessary.* The general rule is, that the opinions of witnesses are only admissible upon grounds of necessity, but they cannot be given upon the ultimate facts which it is the duty of the jury to determine, nor by witnesses not qualified to speak upon the subject of inquiry.

5. LIFE EXPECTANCY—*life insurance agent cannot testify as to, from knowledge of mortality tables.* Where recovery is sought in cases of death or permanent injury, standard life-tables may be introduced to show the probable duration of life of one injured or killed, but the statements of a witness who has no knowledge of the question, except such as he may have gained from consulting such tables, are not admissible.

Error from Leavenworth District Court. Louis A. Myers, Judge. Opinion filed April 9, 1898. *Reversed.*

*Waggener, Horton & Orr*, for plaintiff in error.

*Fenlon & Fenlon*, for defendant in error.

JOHNSTON, J.   In April, 1893, Max Popritz was employed as an engineer by the receiver of the Kansas City, Wyandotte & Northwestern Railroad Company, and on · April 30, 1893, while operating a switch-engine in the yards of the company at Kansas City, he was killed by the derailment of the engine.   Emma Popritz, his wife, brought this action in the district court against the receiver, alleging that the death of her .husband was caused by the negligence of the receiver.   The specific negligence alleged as a basis of recovery is that the railroad track was negligently constructed, "and in consequence thereof, the same and the bed thereof not having sufficient ballast and ties thereunder, the ties being rotten and too far apart, and the track and road-bed uneven, and the joints being low and sunken, and the switch and switch-rail being broken and otherwise out of order, and the iron rails being old and worn out and unfit for use ; the engine jumped and ran off the track and turned over upon said Popritz, inflicting injuries which resulted in his death," etc.

The answer of the receiver was : *First*, a general denial ; *second*, that the Federal court which appointed Erb as a receiver made an order in December, 1893, requiring all persons having claims or demands against the receiver to present the same to the special master on or before January, 1894 ; but that the plaintiff did not present or file any claim with the special master.   In the same connection it was alleged that the receiver had sold the railroad and its equipment, and the sale thereof had been confirmed and a deed issued to the purchaser ; and, further, that the proceeds of the sale were thereafter, under the order

of the Federal court, disbursed, and all assets which had come into the hands of the receiver had been taken therefrom and were beyond his control.

The third defense was that Popritz was an experienced engineer and thoroughly acquainted with the tracks, road-bed and engines of the Company, and that all injuries received by him at the time of his death were the result of his own negligence; that he had traveled over the track many times each day for many months prior to the accident, and that if it was defective, as alleged, it must have been apparent to him; but that he made no complaint to the receiver or any of his superior officers. It was further alleged that he had run the engine in violation of the rules and regulations of the Company.

A demurrer was filed by the plaintiff to the second ground of defense, which alleged that the plaintiff below had failed to present her demand to the special master, and further, that the receiver had sold the road and disposed of the property which had been committed to his care. The demurrer was sustained, the court holding that these averments were insufficient to constitute a defense to the plaintiff's action. Upon the trial the jury found in favor of the plaintiff and assessed her damages in the sum of eight thousand dollars. The receiver assigns as error the ruling of the court upon the demurrer to the second defense set up in his answer.

The first branch of the defense in question is manifestly insufficient. The fact that notice was given to claimants to present their claims to the special master within a specified time did not preclude the continuation of the action of the plaintiff below nor the final adjudication of her claim in the district court. The Federal laws provide that a receiver may be sued in the State courts without leave of the Federal courts

1. State court action against federal court receiver not affected, when.

appointing the receiver, and the judgment rendered in the State court is conclusive upon the Federal court as to the existence and amount of the plaintiff's claim. 25 U. S Statutes at Large, 436; *Reinhart v. Sutton*, 58 Kan. 726, 51 Pac. 221. That it was not the purpose of the Federal court to require claimants to adjudicate their claims before the master, or in the Federal court alone, is manifest from the order appointing the receiver. It specifically provided that the receiver should operate the road conformably to the laws of the State, and might be sued in the State courts for debts and liabilities incurred by him in the operation of the road; and in order to accommodate claimants, it was provided that the receiver should appoint an agent in each county through which the road runs upon whom process issued against the receiver might be served. There was a further provision that judgments obtained against the receiver in the State courts should be audited and allowed as of course as adjudicated claims upon the filing of a transcript of the same in the Federal court.

The remaining averments, that the railroad had been sold, and that the property had passed out of the possession and beyond the control of the receiver, hardly measure up to a valid defense. It is true, the liability of the receiver for the Popritz claim, if liable at all, is official, and not personal, and a judgment rendered against him as receiver is payable only out of trust property and funds in the custody of the court for which he was acting. When his agency has ceased and the receivership terminated, his successor should be substituted in any pending litigation upon liabilities arising during his administration. Here, however, it does not appear that the receivership is ended. His official character remains until he has been dis-

*2. Allegation that property beyond control, no defense, when.*

charged by the court which appointed him ; and there is no averment that he has been discharged. Evidently the court has not relinquished its hold upon the case, and if it has reserved any fund out of which to meet liabilities like the one in question, it might require it to be paid through the agency of the receiver. At any rate, he is still receiver, and occupies the same status and relation toward the court that he has since his appointment. An order of discharge would have extinguished his representative character, but for some reason the court has not closed the receivership, and no substitution could well be made while it continued. We think the court ruled correctly in sustaining the demurrer.

To sustain the claim that Popritz was acting with due care at the time of the accident, a witness was asked and allowed to state as to the general reputation of Popritz and his fireman for care and prudence. Over an objection that the question called for a mere opinion and was not a proper subject for expert testimony the witness was allowed to answer, and he characterized Popritz and his fireman as first-class men for prudence and care in their work. An ineffectual effort was made in behalf of the defendant to have the evidence stricken out and although clearly inadmissible it was allowed to remain for the consideration of the jury. An issue had been tendered as to the care exercised by Popritz, but it could not be established by proof of this character. It has already been determined in this State that evidence as to the character of an injured person for care and prudence is not competent or admissible. It is held that the matter of negligence is to be determined by the character of the specific act or omission, and not by the general character for care that the person may sustain. *S. K. Rly. Co. v. Robbins*, 43

3. Evidence of general reputation for care not admissible.

Kan. 145, 23 Pac. 113 ; *Coal Co. v. Dickson*, 55 id. 62, 39 Pac. 691. If the general character of the injured person may be shown, the Company would necessarily have the right to show by the opinions or estimates of witnesses that he was a reckless and careless man ; and it might also show that his co-employees had the reputation for being careful in the performance of their duties. The general rule is that in cases of this kind the character of neither party thereto, nor of any other person, is involved. One exception to this rule is where it is charged that the master is negligent in employing unskilful or incompetent servants. In such a case it may be shown that a servant employed had a general reputation for incompetency, the theory being that it is the duty of the master to exercise care in the selection of employees ; and where a person is generally known and reputed to be reckless and unfit, evidence of the fact that he bore that reputation is competent as tending to show that the master could and should have known of his unfitness and lack of care. The present case, however, does not come within this or any other of the exceptions and the authorities generally hold that evidence of the character introduced is incompetent. *Chase v. Maine Central Rld. Co.*, 77 Me. 62 ; *Jolly v. Drawbridge Co.*, 9 Ind. 417 ; *McDonald v. Savoy*, 110 Mass. 49 ; *Tenney v. Tuttle*, 1 Allen 185 ; *Adams v. C. M. & St. P. Rly. Co.*, 93 Ia. 565 ; *Railroad Co. v. Smith*, 94 Ga. 107 ; 5 Am. & Eng. Encyc. Law .(2d ed.) , 861.

Some witnesses who were not present when the engine was derailed were allowed to give their opinions as to the cause of the derailment, and whether it was the result of defective track. The cause of the wreck was the main question involved in the case and was to be determined by the jury from all the testimony. Wit-

4. *Opinions not admissible unless necessary.*

nesses cannot take the place of jurors, and their opinions cannot be substituted for that of the jury. Testimony as to the construction of the road and the conditions existing after the accident was competent. The appearance of the road, the quality of the ties, the condition of the rails, could be easily and adequately described to the jurors, leaving them to draw inferences as to the ultimate fact or cause of the wreck. It was, therefore, unnecessary to resort to opinion evidence, and the general rule is that the opinion of witnesses is only admissible upon the ground of necessity but can never be given upon the ultimate facts which it is the duty of the jury to determine. Here, the opinion of a witness, who was a basket-maker, was taken as to the cause of the engine leaving the track. He was without railroad experience or any qualification to speak as an expert, even if the injury could be regarded as a subject of expert testimony. Other witnesses of little or no railroad experience also gave testimony which was open to the same objection and should have been excluded from the jury.

Objection is also made to the testimony of a witness as to the expectancy of life of the deceased. Instead of offering standard life-tables showing the probable duration of life, the witness was allowed to state his recollection of what the tables showed. He was engaged in the insurance business and claimed to be acquainted with the mortality tables used by life insurance companies. Among others, he stated that he had knowledge of the Actuaries, Carlysle and the American, but instead of submitting the tables he undertook to give the expectancy of life of one as old as Popritz was at the time of his death. The witness was not a physician and had no special qualifications which enabled him to determine the probable duration of Popritz's

5. Life insurance agent cannot testify as to life expectancy, when.

life, but depended entirely upon such information as he had acquired from standard tables which he happened to have consulted in connection with the insurance business. Where recovery is sought in cases of death or permanent injury, standard life-tables may be introduced to show the probable duration of life of one injured or killed, but the statements of one who has no knowledge upon the subject, except such as he may have gained from consulting such tables, is not the best evidence.

Error is assigned on the rulings of the court in charging the jury but we find nothing substantial in the objections made by the plaintiff in error; nor do we find anything to warrant special comment in the objections made to the rulings of the court upon the special questions which were presented for submission or submitted to the jury.

For the errors mentioned, however, the judgment will be reversed, and the cause remanded for a new trial.