THE MISSOURI & KANSAS TELEPHONE COMPANY v.
H. C. VANDEVORT.

No. 13,187. ( 72 Pac. 771.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT — *Opinion Evidence.* The general
rule is that opinion evidence may be received where it is the best
that can be had, or where the situation, facts and events cannot be
adequately reproduced or described to the jury; but such evidence
can never be given on the ultimate facts which it is the duty of
the jury to determine.

2. ———— *Damages from Telephone Poles—Expert Testimony.*
In an action to recover for injuries resulting from alleged negli-
gence in placing two telephone poles on the side of the highway
in such a way as to frighten horses, where the location, condition,
color and appearance of the poles, and all of the circumstances
surrounding them, could have been easily described by witnesses,
the opinions of experts as to whether the poles were calculated to
frighten horses were not admissible.

3. ———— *Admission in Opening Statement.* An oral admission
of a material fact made by an attorney in his opening statement
to the jury may be proved on a subsequent trial of the same cause,
if it appears to have been distinctly and formally made and in-
tended as a general admission of such fact.

Error from Sumner district court; JASMES LAW-
RENCE, judge. Opinion filed June 6, 1903. Reversed.

*Stanley, Vermilion & Evans,* for plaintiff in error.

*W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : On November 4, 1900, H. C. Van-
devort was driving a team of horses attached to a ve-
hicle along a public highway, and when he approached
a point where two telephone poles had been thrown on
the side of the highway near a hedge fence his horses
became frightened so that they ran away, causing in-

jury to him. The leg of one of his horses was broken so that it became necessary to kill him. He brought an action against the Missouri & Kansas Telephone Company to recover for the injuries sustained, and alleged that there was negligence in leaving the poles at the place and in the form in which they were left; that they constituted an obstruction that was calculated to frighten horses. They were placed near an intersection of two roads, and the horses, turning from one road into the other in which the poles lay, came quite close to them. The end of one pole, it is said, rested on the end of the other, and it is contended that being so placed they presented an appearance which was likely to scare horses. The trial resulted in a judgment in favor of Vandevort, and the telephone company complains of rulings upon testimony offered to establish its negligence.

The opinions of witnesses were offered and received to show that the poles, as they were placed, were calculated to frighten horses. Two objections were urged against the admission of the testimony: (1) That it was not a subject justifying opinion evidence; (2) if it had been, the inquiry should have been limited to such horses as are ordinarily gentle and roadworthy. The general rule is that opinion evidence may be received where it is the best that can be had, or where the situation, facts and events cannot be adequately reproduced or described to the jury; but such evidence can never be given on the ultimate facts which it is the duty of the jury to determine. (*K. P. Rly. Co. v. Peavey*, 29 Kan. 169; *Erb v. Popritz*, 59 id. 264, 52 Pac. 871, 68 Am. St. Rep. 362.)

The question submitted to the witnesses — whether the poles were calculated to frighten horses — was the principal question which was submitted to the jury,

and the jury were just as competent to give an opinion upon the ultimate fact as any of the experts. There was nothing complex or indescribable in the situation. It was easy to describe the poles, their position, and surroundings. They were ordinary poles from which the bark had been peeled, being about twenty feet long and about sixteen inches in diameter at the larger end and six inches at the smaller end. The location, condition, color and appearance of the poles, and all the circumstances surrounding or in any way connected with them, could have been described by the witnesses, and thus have left to the jury the determination of this ultimate fact which practically determined the case. It was not necessary, therefore, to resort to opinion evidence, and the objections of counsel for the company should have been sustained.

If the opinions had been admissible, the witnesses were not properly limited. They were permitted to state that the poles as they were placed were calculated to frighten horses, while if the company was liable at all it would only be so if the poles were such as to frighten reasonably gentle and roadworthy horses. The question asked and opinions given were not so confined, but included a class and character of horses for the frightening of which the company could in no event be held responsible.

Objection was made to the reception of testimony of an opening statement made by counsel for the company on a former trial of the case. In the statement was the admission of a material fact as to the action of the telephone company in the premises. From a reading of the record the admission appears to have been distinctly and formally made. In *Lindley v. A. T. & S. F. Rld. Co.*, 47 Kan. 432, 28 Pac. 201, it was held that the court is warranted in acting on the ad-

mission of a party made in the opening statement of a case to the court and jury, and might make a final disposition of the case where such statement absolutely precluded a recovery by him. An incidental remark of counsel as to the facts which he expected to prove and which did not amount to a distinct and formal admission would ordinarily not be binding upon such party, nor relieve the other of the burden of proving the fact; but we cannot say that the admission in question falls within that class.

The fact that the admission was made on a former hearing did not of itself make it inadmissible. In *C. B. U. P. Rld. Co. v. Shoup*, 28 Kan. 394, it was expressly determined that an oral admission of a fact by an attorney during the trial of a case might be proved on a subsequent trial of the same cause, and if it appeared to have been intended as a general admission of the fact it would be as binding as if it were made on the subsequent trial. See, also, *Oscanyan v. Arms Co.*, 103 U. S. 261, 26 L. Ed. 539.

None of the other questions discussed requires special attention, but for the error in the admission of testimony the judgment will be reversed and the cause remanded for a new trial.

All the Justices concurring.