THE AUGUSTA OIL, GAS, MINING & PROSPECTING COM-
PANY V. THE INDEPENDENCE DRILLING COMPANY, a
Partnership, etc., et al.

No. 15,785.

EVIDENCE—Opinion Testimony—Province of the Jury. It was.
error to permit a witness to give an opinion upon a fact
which it was the province of the jury to determine.

Error from Butler district court; GRANVILLE P.
AIKMAN, judge. Opinion filed May 8, 1909. Reversed.

George J. Benson, and T. A. Kramer, for the plaintiff
in error.

Leland & Harris, and E. J. Lambert, for the defend-
ants in error.

Per Curiam: The drilling company contracted with.
the oil company to drill a well. The oil company was
to furnish the casing and other appliances, while the
duty of inspection of the appliances devolved on the
drilling company. Before the well was completed it
became obstructed so that it could not be drilled fur-
ther, and the drilling company sought to recover for
the work done, on the theory that the suspension of
work was due to the fault of the oil company. On one
side it was claimed that the casing furnished was not
sufficiently thick and strong to withstand the pressure
of the water, and that it collapsed and obstructed the
drilling of the well. On the other side it was claimed,
among other things, that the obstruction was below the
disc in the well, where the pressure of the water on the
inside counterbalanced the pressure from the outside,
and that the trouble was not because of insufficient
casing but was due to some defect or irregularity in
drilling the well.

In the trial a witness was asked the question, "What,
in your judgment, was the trouble; was that in the

bottom of this well?" And over objection he answered: "That casing caused the trouble; it was too light." The admission of this evidence was material error. The witness had had experience in drilling wells and was competent to testify to the strength of the pipe, the extent of the pressure it would withstand, and the like, and also as to the way the drill and other appliances worked when he tested them, and the jury might have inferred from this and other testimony the cause of the trouble; but he should not have been permitted to give an opinion on the issue the jury were called to decide.

"The opinion of witnesses is only admissible upon the ground of necessity, but can never be given upon the ultimate facts which it is the duty of the jury to determine." (*Erb v. Popritz*, 59 Kan. 264, 270.)

(See, also, *K. P. Rly. Co. v. Peavey*, 29 Kan. 169; *Telephone Co. v. Vandervort*, 67 Kan. 269.)

As the admission of this testimony was prejudicial error, it is unnecessary to consider the other assignments. The judgment is reversed and the cause remanded for a new trial.