## GRIMMETT v. GRIMMETT et al.

No. 9933—Opinion Filed Jan. 25, 1921.

(Syllabus by the Court.)

**1. Pleading—Judgment on Pleadings—Denial.**

A motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried.

**2. Trial—Admissions in Opening Statement.**

An oral admission of a material fact, made by an attorney in his opening statement to the jury, if distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial, is a solemn admission and conclusive upon the party making such admission. Where, however, the so-called admission is not distinct and formal, but equivocal and of doubtful meaning, and. where there immediately follows the making of the so-called admission, the further statement that "We say in reply to defendant's answer—the plaintiff says that if there were deeds made to any of the parties to the suit set up in defendants' answer which were made by William Grimmett, those deeds and conveyances were void, because, as defendants. say, they were made in the year 1907, two years prior to the death of Harry Grimmett. That in the year 1907, the plaintiff, William Grimmett, had no title or right to said lands, that they were restricted freedman lands, and any deeds he might have made would have been void"— such statement or admission will not supply proof of a fact material to the defendants' right of recovery.

**3. Judgment—Res Judicata—Scope of Inquiry.**

The inquiry of res adjudicata is not limited to the mere formal judgment. It extends to the pleadings, instructions of the court, the verdict or findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict or findings.

**4. Indians—Validity of Deeds—Effect of After-Acquired Title.**

The after-acquired title of Cherokee freedmen members of the Cherokee Nation cannot inure to the benefit of their grantee in a deed executed by them to the lands allotted to their son as a freedman member of such tribe, said deed having been executed during the lifetime of said allottee.

**5. Same—Judgment.**

Record examined. Judgment of the trial court reversed, and the cause remanded, with directions.

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by William M. Grimmett against Pansy Grimmett and others to recover land. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

A. A. Hatch, for plaintiff in error.

Archie D. Neale, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Craig county, Hon. Preston S. Davis, Judge.

On February 14, 1917, William M. Grimmett commenced this action in ejectment to recover the N. ½ of the N. W. ¼ of section 22, township 28 N., range 21 east, in Craig county, Oklahoma, alleging that said land was allotted to Harry Grimmett, deceased, a Cherokee freedman citizen of the Cherokee Nation and duly enrolled as such on the approved rolls of the Cherokee freedmen under No. 4094, on the —— day of ——————, 1904, and thereafter he received his allotment deeds, which were duly approved by the Secretary of the Interior, copies of which deeds were attached to his petition, marked Exhibit "A" and "B," respectively.

The plaintiff alleged in his petition that thereafter, on the 2nd day of June, 1909, Harry Grimmett died intestate, without issue and never having been married, and possessed of said land in fee, and alleging as his only heir-at-law the plaintiff, W. M. Grimmett, who is the father of said Harry Grimmett, deceased, and that upon the death of the said Harry Grimmett the plaintiff became the owner of said land, and charged in his petition that the defendants were wrongfully and unlawfully possessed of the land, and prayed for judgment against them for the restitution and possession of same and for costs.

On June 11, 1917, A. D. Neal was, by the court, appointed guardian ad litem for the defendant Pansy Grimmett, a minor, and as such guardian ad litem filed an answer for his ward; also for the defendants W. P. Eddy and Hattie Adair. The defendant

James Parks, through his attorney, S. F. Parks, filed a separate answer. These several separate answers contained general denials, and in addition thereto the separate answer of Pansy Grimmett alleged that she was the owner of the land described in plaintiff's petition; that she acquired title thereto from her father, Harry Grimmett, and that she was in possession thereof and had held such possession since the death of her father, said Harry Grimmett; and further alleged that on or about the first day of February, 1912, Hattie Adair, known and called Hattie Grimmett, commenced an action in the district court of Craig county as her guardian for the purpose of quieting title in her for said land, said suit being No. 1086, and being entitled Hattie Grimmett v. George Turner et al., and that the parties claiming title in such real estate were made parties defendant in said suit; and that thereafter, on or about the first day of July, 1912, she recovered a judgment quieting the title in her, and that said judgment was never appealed from, nor reversed; that by reason thereof she is the owner of said real estate, and prays that the plaintiff take nothing.

The defendant W. P. Eddy admitted in his answer that Harry Grimmett was a Cherokee freedman and received the land in controversy as his allotment and the deeds duly made therefor and approved; alleged that Harry Grimmett died intestate in 1907, but denied that the plaintiff was the only heir of Harry Grimmett and had any interest in said land, and alleged that on the death of Harry Grimmett he left surviving him the defendant Pansy Grimmett, who was the only child and the only and sole surviving heir of the said Harry Grimmett, and as such heir is the sole owner of the said real estate, and alleged that he was the duly appointed, qualified, and acting guardian of the estate of the said Pansy Grimmett; and that as such he was in possession of said land, and that the defendant James Parks is the tenant thereon and has no further interest in said land; that the defendant Pansy Grimmett is now about ten years of age; and also alleged the same proceeding in the district court and the results thereof as alleged in the separate answer of the defendant Pansy Grimmett. The defendant James Parks filed his separate answer through his attorney; in addition to the general denial alleged that he was in possession of the land as the tenant of Pansy Grimmett, and prayed that he recover his costs.

The defendant Hattie Adair alleged in her separate answer that she was the mother of Harry Grimmett, to whom said land was allotted, and that said land was conveyed to him as alleged in the plaintiff's petition; and she further alleged that Harry Grimmett was dead, and at the time of his death left surviving him as his sole and only heir at law the defendant Pansy Grimmett, his daughter, and that she had been in possession of said real estate since the death of her father, Harry Grimmett, by guardian. She alleged that the plaintiff was the father of Harry Grimmett, and at the time of Harry Grimmett's death the land descended to the defendant Pansy Grimmett. She denied by allegation that Harry Grimmett died without issue, and had never been married, and that the plaintiff was the sole heir-at-law of Harry Grimmett.

To these several separate answers, the plaintiff filed replies, consisting of a general denial, and denied specifically that the defendant Pansy Grimmett is the child of Harry Grimmett, deceased, and denied that Harry Grimmett and the mother were husband and wife, alleging that Pansy was illegitimate. He also alleged that he was not a party to the suit mentioned in the defendant's answer, if such suit there was, and had no knowledge of the pendency of such suit; that the judgment recovered by the defendant Pansy Grimmett, if such there be, is not against the plaintiff, and whatever claims the parties to the said suit may have made to the land in controversy herein were void; that said claims, if any they made, were adverse to the title of the plaintiff and were unfounded and hostile thereto.

Upon the issues thus made by the pleadings of the respective parties, the case proceeded to trial to the court, the parties having waived a jury, and at the commencement thereof opening statements were made by counsel, which were as follows:

"By Mr. Hatch: This is a suit to recover lands in this court that were allotted to Harry Grimmett, a Cherokee freedman, who was born in 1890, who died in 1909, possessed of the lands in controversy, died intestate, without issue, and never having been married, leaving surviving him as his only heir William Grimmett, his father; that the defendants are in possession—are wrongfully and unlawfully keeping us out of the land, that William Grimmett claims title to the land as the heir of Harry Grimmett, deceased."

"By the Court: He would be under the Oklahoma statute, anyway."

Whereupon the opening statement was made for and on behalf of the defendants, same being in words and figures as follows, to wit:

"By Mr. Neal: Harry Grimmett was the son of William Grimmett, the plaintiff. Some

time prior to 1909, I am not able to state when, as we claim, he was married to Mamie Vole when he died, and that he lived and continued to live with Mamie Vole until his death in 1909. During this time they lived together they were recognized generally as man and wife, and they introduced each other as man and wife, and during that time Pansy Grimmett, the child mentioned in this suit, was born, and was recognized as the child of Harry Grimmett and Mamie Grimmett.

"Subsequent to the time of Harry Grimmett's death, the mother died, leaving this child, Pansy Grimmett. Thereafter, and prior to February, 1912, Hattie Grimmett was appointed the guardian of the person and estate of Pansy Grimmett by the county court of this county. On or about the first day of February, 1912, an action was brought in this court by the minor by her guardian, Hattie Grimmett, to quiet the title to this land, which they were then in possession of. In that suit every person who claimed to have any title by the records of this county was made defendants, among them being Jay Childers, and I think a party by the name of Olentine, and about the first of July a judgment was had by the consideration of this court in favor of the plaintiff and against all of the defendants, quieting the title to the plaintiff to the land in controversy and being part of the allotment of Harry Grimmett. The testimony will disclose that since that time the defendant Pansy Grimmett, by her guardian, has been in possession and is now in possession of this real estate. The testimony will disclose that in 1907 the plaintiff in this action, William Grimmett, made a conveyance of this land in controversy to J. H. Childers and Olentine, and I believe if they ever had an interest in this it was thereby conveyed to Childers and Olentine, parties defendant in the suit in which I directed Your Honor's attention; therefore, if they had any interest, it is gone long ago, we claim, and the testimony will show these parties lived together for six years as man and wife, and were recognized as such, and the child born to them was recognized as a child born in lawful wedlock, and then, as a matter of fact, William Grimmett has never conveyed any of this property by warranty deed or otherwise. Pansy Grimmett was the child of these people and is entitled to this land, and is the owner of it."

"By Mr. Hatch: In reply to the answer of the defendant, we have filed a reply denying specifically that Harry Grimmett is the father of Pansy Grimmett; that Mamie Vole, the mother of Pansy Grimmett, was never the wife of Harry Grimmett. We also, in our reply, allege that we were not parties to the suit mentioned by the defendants in their answer; that we had no knowledge of the controversy and that the judgment recovered by the plaintiff in this case is not a judgment against this plaintiff, and that what-

ever claims the defendants in the suit mentioned by the defendants may have made to this land were absolutely void; that none of the defendants in that suit ever received any title or valid or legal conveyance from this plaintiff, and we are not in privity to the estate with him."

"By the Court: The court having heard the opening statements of counsel in this case, and the court finding section 4752 of the Revised Laws of Oklahoma, 1910, to read as follows: 'General Denial To Be Entered For Whom.—The guardian of an infant or person of unsound mind, or attorney for a person in prison, shall deny in the answer all the material allegations of the petition prejudicial to such defendant.' And the court finding such denial has been filed on the part of the guardian ad litem for the minor, Pansy Grimmett, and the court further finding from the opening statements and the pleadings that William M. Grimmett, the plaintiff in this case, and previously, to wit, some time in 1907, deeded this— conveyed this land in controversy in this law suit—

"By Mr. Hatch: (Interrupting the Court) I do not admit we made the deeds. We, in reply to defendants' answer—the plaintiff says that if there were deeds made to any of the parties to the suit set up in defendants' answer which were made by William Grimmett, those deeds and conveyances were void, because, as defendants say, they were made in the year 1907, two years prior to the death of Harry Grimmett. That in the year 1907, the plaintiff, William Grimmett, had no title or right to said lands · that they were restricted freedman lands and any deeds he might have made would be void."

"By the Court: By his warranty deed to his grantees who appeared in the claim of title as well as the said deed from the said William Grimmett as grantor in the law suit, the judgment of which is set up on the answer of the defendants in this case at bar. And the court further finding from the opening statements that the fact that Harry Grimmett was alive at that time does not strengthen the contention now of the plaintiff in the instant case for the reason if his contention is true that he is the sole heir, that having conveyed the land before he inherited it and afterwards inheriting it, he is estopped now from asserting any claim, the same as if he had waited until his son died and then made the conveyances thereto. And the court, being fully advised in the premises, finds that the land in controversy is the land of Pansy Grimmett, and quiets her title in and to the same as against the plaintiff, William Grimmett, and all persons claiming by either or any of them in any manner or by any manner, method, or means whatsoever, and quiets her possession of the same, and therefore holds, finds and adjudged and decreed, that the plaintiff. William M. Grimmett, take nothing by this, his action herein against the defendant. Pansy

Grimmett, or any of the said defendants to this lawsuit, and that these defendants have judgment against the plaintiff for all of their costs in and about this action laid out and expended, for all which let execution issue."

"By Mr. Hatch: To which the plaintiff excepts.

"By the Court: Let the record show the exception."

This was all the statements of counsel and all the proceedings had and done in the trial of this case; no testimony, either oral or documentary, being introduced upon the trial.

The court ordered a judgment quieting the title of the land in the defendant Pansy Grimmett, and for costs, to reverse which this proceeding in error has been regularly commenced in this court.

The plaintiff in error's assignments are as follows:

"(1) The trial court erred in overruling the motion of the plaintiff in error for a new trial.

"(2) The trial court erred in giving judgment for the defendants and against the plaintiff.

"(3) The trial court erred in giving judgment on the pleadings and statement of counsel.

"(4) For that the findings of the trial court and the judgment herein are not supported by the pleadings or by evidence, nor by statement of the plaintiff or his counsel.

"(5) For that the findings of the trial court and the judgment herein are contrary to the pleadings of the plaintiff in error and contrary to the statement of his counsel.

"(6) For that the judgment is contrary to law."

These assignments of error will be considered together under the proposition set out in the third, that the trial court erred in giving judgment on the pleadings and statement of counsel.

It seems clear to us that the issues in this case are clearly drawn by the pleading, and the case turns upon the question of who is the heir of Harry Grimmett, deceased, or whether the plaintiff is barred by a former judgment from maintaining this suit.

The plaintiff alleges in his petition, among other things, that he is the father and only heir of Harry Grimmett, deceased, who was the allottee and died possessed of the land in controversy on the 2nd day of June, 1909, and that as such heir, he, the plaintiff, became the owner in fee of the land in question.

The defendants, by their several answers, deny that the plaintiff is the heir of the said Harry Grimmett, and allege that Pansy Grimmett is the daughter and only heir of the said Harry Grimmett. The defendant Pansy Grimmett and W. P. Eddy also allege in their respective answers, in substance, that in February, 1912, a suit was instituted in the district court of Craig county, Oklahoma, by Hattie Adair, as guardian of Pansy Grimmett, for the purpose of quieting the title of the said Pansy Grimmett in said land; that the case was entitled Hattie Grimmett v. George Turner et al., and that they made every party of record claiming to have an interest in said real estate parties defendant in said suit; that in July, 1912, the plaintiff herein recovered a judgment quieting the title of the said Pansy Grimmett to said real estate, and that by reason thereof the said Pansy Grimmett is the owner of said real estate.

The plaintiff, for reply, not only denied the allegations contained in the several answers, generally, but specifically denied that Pansy Grimmett was the child and heir of Harry Grimmett, deceased, and specifically denied "that he was a party in or to the action mentioned in the defendants' answers, if such a suit there was"; and alleged that "the judgment in said answer mentioned, if any there is, is not a judgment against the plaintiff. That whatever claims the parties to said suit may have made to the land in controversy herein were void; that their claims to said land, if any they made, were adverse to the right and title of the plaintiff herein and were unfounded and hostile thereto."

Without question the pleadings raised questions of fact to be tried. This court has repeatedly held that a motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried. Cobble et al. v. Farmers' Nat. Bank of Tecumseh et al., 53 Okla. 814, 158 Pac. 364; St. L. & S. F. R. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; Peck v. First Nat. Bank, 50 Okla. 252, 150 Pac. 1039; Shipman v. Porter, 48 Okla. 265, 149 Pac. 901; Cobb v. Kenefick, 23 Okla. 440, 100 Pac. 545.

It is also clear to us that the opening statement of counsel for plaintiff contains nothing that can be construed into a solemn admission that the plaintiff was not the sole heir of Harry Grimmett, or that he had been married to Mamie Vole, or that Pansy Grimmett was his child, and only child, or that the plaintiff had made a valid deed to the land to another. Counsel stated in his opening statement that Harry Grimmett was born in 1890 and died in 1909. He also denied that there had been a valid judgment of a court of competent jurisdiction quiet-

ing title of the land in controversy in Pansy Grimmett against the plaintiff that had become final, but, upon the contrary, the allegations of the plaintiff in his pleadings and the opening statement of his counsel sufficiently controvert such facts and join issue as to the existence thereof.

As to whether a statement of counsel is a solemn admission and will support a judgment of the court that it was such, this court in the case of Patterson v. Morgan, 53 Okla. 95, 155 Pac. 694, states the rule as follows:

"An oral admission of a material fact, made by an attorney in his opening statement to the jury, if distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial, is a solemn admission and conclusive upon the party making such admission. Where, however, the so-called admission is not distinct and formal, but equivocal and of doubtful meaning, and where there immediately follows the making of the so-called admission, the further statement that opposing counsel will be expected to prove their case as they stated it, such statement or admission will not supply proof of a fact material to the plaintiff's right to recovery." Citing Greenleaf on Evidence (16th Ed.), vol. 1, secs. 186 and 205; Thompson on Trials, sec. 201; Chamberlayne on Evidence, in a footnote to section 1276; M. and K. Telephone Co. v. Vandervort, 67 Kan. 269, 72 Pac. 771; Lindley v. A., T. & S. F. R. Co., 47 Kan. 432, 28 Pac. 201; Ferson v. Wilcox, 19 Minn. 449; Oscanyan v. Winchester R. Arms Co., 103 U. S. 261, 26 L. Ed. 539.

Counsel for defendants say in their brief:

"In the trial of this cause the counsel for the respective parties made opening statement of what the facts were, and while the pleadings did not admit the facts, as claimed by Pansy Grimmett, yet upon the trial it was virtually admitted by counsel for plaintiff that his client had made the deeds mentioned to Childers and Olentine, but counsel denied that the making of such deeds caused the title held by his client to pass to the grantees named in such deeds. He claimed upon the trial that when such deeds were made by his client, his client had no title to any of the lands, and that therefore no title passed under the deeds.

"On the contrary, the court was of the opinion, and so held, that if plaintiff in error ever had any title to the lands in controversy, such title passed to his grantees in the deeds to Olentine and Childers, even though at the time of making such deeds plaintiff in error did not have any title."

With this contention of counsel we do not agree. It is disclosed by the pleadings and opening statement of counsel of the plaintiff

that Harry Grimmett was born in 1890, and died in 1909. The deeds relied on as disclosed by the record are alleged to have been executed in 1907, clearly at a time when the said Harry Grimmett was a minor.

This precise question was before this court in the case of Whitmire et al. v. Levine et al. (decided April 25, 1920), 80 Okla. 21, it being held as follows:

"The after-acquired title of Cherokee freedmen members of the Cherokee Nation cannot inure to the benefit of their grantee in a deed executed by them to the lands allotted to their minor son as a freedman member of said tribe, said deed having been executed during the lifetime of said allottee."

We are clearly of the opinion that the trial court was without authority to render a judgment upon the pleadings and opening statement of counsel. Counsel for defendants seem to make some claim that the judgment in the case stated operated as an estoppel against the plaintiff, but the record clearly discloses from the pleadings and opening statements that the plaintiff alleged and claimed that he was not a party to said suit, and as we have seen that the pretended deed relied upon by defendants was void because the grantor had no title to the land, and therefore, it being alleged that the plaintiff was not a party to the suit and not in privity with a party thereto, and inasmuch as no copy of the judgment nor the pleadings nor a transcript of the evidence taken upon the trial were attached to the pleadings or in the record in this case, this contention of counsel must likewise fail, the rule of law being that: "The inquiry of res adjudicata is not limited to the mere formal judgment. It extends to the pleadings, instructions of the court, the verdict or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings." 23 Cyc. 1159, 1538. Clifton v. Meuser (Kan.) 129 Pac. 159; Water, Light & Gas Co. v. City of Huthinson, 160 Fed. 41, 19 L. R. A. (N. S.) 219; Rossman v. Tilleny, 80 Minn. 163, 83 N. W. 42; Buddress v. Schafer, 12 Wash. 310, 14 Pac. 43; Henrietta Nat. Bank v. Barrett (Tex.) 25 S. W. 456; Kirkpatrick v. McElroy, 41 N. J. Eq. 539, 7 Atl. 647; Fritsch Foundry & Machine Co. v. Goodwin Mfg. Co. (Mo. App.) 74 S. W. 136

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.