No. 29,239.

E. PRYMEK, *Appellant,* v. CHARLES HERINK, Administrator of the Estate of Albert Herink, Deceased, *Appellee.*

(289 Pac. 412.)

Opinion filed July 5, 1930.

*William Wallace,* of Topeka, and *N. J. Ward,* of Belleville, for the appellant.

*Clyde L. Short,* of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for the burning of a dance pavilion and its contents. Verdict and judgment were for defendant, and plaintiff has appealed.

Plaintiff alleged, in substance, that in May, 1927, he was the owner of a dance pavilion situated in a township in Republic county, which with the furniture and fixtures was of the value of $7,000. That on or about May 12, 1927, Albert Herink purposely set fire to the building and its contents, to plaintiff's damage in the amount of its value. The answer was a general denial.

The evidence tended to show that plaintiff was the owner of the dance pavilion which burned on the date alleged. That about February 26, 1928, the opera house in Cuba, Republic county, burned, under circumstances suggesting incendiarism. That about April 3, 1928, two deputy fire marshals, E. T. Jacobs and C. C. Lytle, went to Cuba to investigate the burning of the opera house. They called Albert Herink to be brought before them for questioning. In the course of this interview Albert Herink confessed to setting fire to the opera house, and his confession was reduced to writing and signed by him. He also confessed to writing a letter to

Joe Barton, of Cuba, Kan., who appears to have had charge of the renting of the Odd Fellows' hall at that place, protesting against his renting the hall to the Sokol Lodge or Society, and making threats if he did so, and also threatening members of that organization, and that he did this with the intention of intimidating the Sokols and with the idea of depriving them of meeting in Cuba. This confession was reduced to writing and signed by him. He also confessed to throwing a stone through a window of the Odd Fellows' hall in Cuba on Sunday evening, March 25, 1928, when the Sokol Society was having a meeting in the hall, and this confession was reduced to writing and signed by him. Albert Herink was a bachelor who lived on a farm about five miles northwest of Cuba. There was testimony tending to show that he was keeping company with a widow who liked to dance at the social meetings of the Sokols or at the dance pavilion. He did not dance, did not want her to do so, and wanted to get rid of the places where the dances were held. No written confession was taken from Albert Herink respecting the burning of the dance pavilion in question. After the deputy fire marshals quit questioning him and while the county attorney was preparing a warrant for his arrest for the burning of the Cuba opera house he walked away from the courthouse where the investigation had been held, got some poison at a drug store and committed suicide. His brother, Charles Herink, was appointed administrator of his estate, and this action is against the administrator.

The deputy fire marshals testified that towards the close of their interview with Albert Herink on April 3, 1928, he stated to them that he burned the dance pavilion in question, but because the hour was late and they already had a confession from him with respect to burning the Cuba opera house, they did not take time to reduce that confession to writing. The only evidence that he burned the dance pavilion was the testimony of the deputy fire marshals. For the purpose of affecting the credibility of one of them, E. T. Jacobs, defendant on his cross-examination introduced in evidence a letter he had written to Mr. Perry, the county attorney at Belleville. This letter tended to show that the writer and Lytle would testify that Albert Herink had told them he had burned the dance pavilion, but that they wanted a consideration for their testimony. The court admitted this letter in evidence for the purpose for which it was offered. Appellant complains of that ruling, and contends it was

privileged, being a communication from one official, a deputy fire marshal, to another, the county attorney. It is not contended that any statute makes the letter in question privileged, but it is argued that public policy requires a holding that such communications are privileged. We need not go into the question whether, under some circumstances, communications between public officers should be held to be privileged. At the time the letter was written no public business was pending between the deputy fire marshal and the county attorney. Albert Herink was dead and contemplated prosecutions had been dropped. The letter did not purport to refer to public business. It related to possible actions for damages by private individuals against the administrator or estate of Albert Herink. The communication was not privileged. It was properly received in evidence for the purpose of affecting the credibility of the witness.

Plaintiff offered in evidence the written confessions made by Albert Herink to the deputy fire marshals with respect to the burning of the Cuba opera house, the writing of the threatening letter and the throwing of a stone through the window of the Odd Fellows' hall, "for the purpose of showing that the defendant was indulging in similar acts and deeds" to that forming the basis of this action. The court excluded the evidence. Appellant complains of that ruling. With respect to evidence as to other similar acts it is said in 22 C. J. 744:

"The general rule is that the law will not consider evidence that a person has done a certain act at a particular time as probative of a contention that he has done a similar act at another time. Accordingly, it cannot be shown, as bearing on the question of negligence on a particular occasion, that the person whose conduct is involved has met with a number of similar accidents or has been guilty of negligence on other occasions, especially where such other occurrences are remote in point of time. . . . So, also, one vice or moral dereliction cannot be proved as a circumstance to show the existence of another not necessarily or vitally connected with it as cause or effect."

And on page 750 it is said:

"Evidence that a fact or event did or did not exist or occur at a particular time is not admissible to show that another fact or event did or did not exist or occur at another time, unless the two facts or occurrences are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars."

See, also, 10 R. C. L. 937; Wigmore on Evidence, 2d ed., §§ 64, 65; *Craver v. Hornburg,* 26 Kan. 94; *Van Fossen v. Mosher,* 38 Kan. 417, 17 Pac. 95; *Roberts v. Dixon,* 50 Kan. 436, 31 Pac. 1083; *Erb*

*v. Popritz,* 59 Kan. 264, 52 Pac. 871; *Barshfield v. Vucklich,* 108 Kan. 761, 764; 197 Pac. 205.

Other similar acts may be shown when in actions for fraud or deceit it is necessary to prove *scienter,* or when the evidence of malice is material, or when a course of conduct or dealing is in question, or in certain instances when a question of habit or custom is involved, or in a criminal case to show motive. (See further discussions in the text above cited; also, *State v. Robinson,* 125 Kan. 365, 368, 263 Pac. 1081, and cases therein cited.) But plaintiff in the court below did not urge any of these reasons for the admission of the evidence in question, although he has done so in this court, particularly in his supplemental brief. Generally we will not reverse the trial court on a question not presented to it. The other similar acts sought to be shown for the special purposes mentioned should be acts prior in time to that which formed the basis of the action being tried, or so closely following it as to show its relation thereto. (*State v. Scott,* 117 Kan. 303, 235 Pac. 380.) Here the similar acts sought to be shown were many months later than that which formed the basis of the action on trial. We are not called upon to determine whether the evidence offered was admissible for any of the special reasons here discussed. It is sufficient to say it is not admissible under the general rule above stated, and plaintiff did not lay a proper foundation nor urge its admission for any of the reasons which would justify its admission.

Some other matters are discussed in the briefs, but they are not sufficiently important to require separate treatment.

The judgment of the court below is affirmed.